**FILED**

APR - 3 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

JOHN BARNHARDT ~02392 - 000 :
FCI - Morgantown   **Plaintiff**   :
PO B3 -1000   :   **CIVIL ACTION :**
Morgantown, WV 26507-1000   :

Case: 1:07-cv-00624
Assigned To : Bates, John D.
Assign. Date : 4/3/2007
Description: BARNHARDT v. DC

**THE DISTRICT OF COLUMBIA,**
**ANTHONY WILLIAMS, Mayor, in His**
   **Official and Individual Capacities,**
**SGT. CURT SLOAN, in His Official and**   :
   **Individual Capacities,**   :
**DET. ALLEE RAMADHAN, in His Official**   :
   **And Individual Capacities,**   :
**CHARLES RAMSEY, Chief of the**   :
   **Metropolitan Police Department, in His**   :
   **Official and Individual Capacities,**   :
      :
      :
            **Defendants**   :
_____ :

### INTRODUCTION

John Barnhardt ("Plaintiff"), a citizen of the District of Columbia, hereby asserts the following claims against the Defendants in the above-entitled action:

  (1) Violation of 42 U.S.C. 1983: Arrest,
  (2) Violation of 42 U.S.C. 1983: Detention and Confinement,
  (3) Violation of 42 U.S.C. 1983: Conspiracy,
  (4) Violation of 42 U.S.C. 1983:Refusing or Neglecting to Prevent,
  (5) Violation of 42 U.S.C. 1983: Strip Search,
  (6) Violation of 42 U.S.C. 1981: Racial Discrimination,
  (7) False Arrest and Imprisonment,
  (8) Assault,
  (9) Intentional Infliction of Emotional Distress, and
  (10)Malicious Prosecution and Abuse of Process.
  (11) Unlawful Entry / Trespassing

### JURISDICTION

1.Jurisdiction of this Court arises under 28 U.S.C. Sections 1331, 1337, 1343(a), and 1367; 42 U.S.C. Sections 1981, 1983, 1985, 1986 and 1988; and 28 U.S.C. Sections 1961-1968.

**RECEIVED**

FEB 1 2 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

2. Jurisdiction of this Court for the pendent claims is authorized by F.R.Civ.P. 18(a), and arises under the doctrine of pendent jurisdiction, as set forth in United Mine Workers v. Gibbs, 383 U.S. 715 (1966).

## PARTIES

3. Plaintiff John Barnhardt is a natural person, who was residing at 4709 Bass Place, S.E., Washington, D.C., at all times relevant to this Complaint.

4. Defendant Anthony Williams ("Williams"), who is a natural person, was the duly-elected Mayor of the District of Columbia at all times relevant to this Complaint.

5. Defendant Curt Sloan ("Sloan"), who is a natural person, was a duly appointed police officer with the Metropolitan Police Department, Washington, D.C., at all times relevant to this Complaint.

6. Defendant Allee Ramadhan, who is a natural person, was a duly-appointed police officer with the Metropolitan Police Department, Washington, D.C., at all times relevant to this Complaint.

7. Defendant Charles Ramsey ("Ramsey"), who is a natural person, was the duly-appointed Chief of the Metropolitan Police Department at all times relevant to this Complaint, and was responsible for the promulgation and implementation of police procedures and practices in the District of Columbia.

8. Defendant District of Columbia is a Municipal Corporation, organized under the laws of the United States Congress. It is responsible for the policies, procedures and practices implemented through its various agencies, departments and employees, and for any injuries resulting from their actions.

9. Defendant Ramsey, and others not presently known to Plaintiff, were duly-appointed Metropolitan Police officers, and supervisors of Defendants Sloan and Ramadhan.

10. Plaintiff brings this action against all public employees in their official and individual capacities.

11. At all times relevant to this Complaint, Defendants Sloan and Ramadhan acted toward Plaintiff under color of the statutes, ordinances, customs, and usage of the District of Columbia and the Metropolitan Police Department.

## FACTS

12. The incident which forms the basis of this Complaint occurred February 13, 2004. The encounter on February 13th, however, was related to an earlier encounter between Defendant Sloan and Plaintiff several weeks earlier, at the same location.

13. On or about December 15, 2003, Defendant Sloan and two (2) unidentified officers came to Plaintiff's home at 4709 Bass Place, S.E., Washington, D.C., for the purpose of serving Plaintiff a subpoena to appear before a federal Grand Jury in connection with a drug case then pending against Plaintiff's brother, Thomas. Defendant Sloan, as well as the other officers, was dressed in plain clothes at the time. At the time of their arrival, Plaintiff was sitting in a vehicle in the driveway of his home, in the company of his nephew. The manner in which Defendant Sloan, and the others, approached Plaintiff's car caused Plaintiff to become alarmed, and to attempt to drive away from the scene. Plaintiff was unaware, at that time, that Defendant was a police officer. As Plaintiff drove away, Defendant jumped onto Plaintiff's car and fell off the vehicle as Plaintiff ultimately left the scene.

14. On February 13, 2004, Defendant Sloan made another visit to Plaintiff's home at 4709 Bass Place, S.E., for the alleged purpose of serving Plaintiff with the Grand Jury subpoena. This time, Defendant Sloan was accompanied by Defendant Ramadhan and an unidentified male officer. Again, Plaintiff was on the outside of his property at the time of the officers' arrival. The Defendants approached Plaintiff and confronted him regarding his (Plaintiff's) identity. At some point during this encounter, Plaintiff observed Defendant Ramadhan throw a dark or black object into the bed of a pick-up truck, which was parked in the driveway of Plaintiff's home. This object later turned out to be a black bag.

15. Shortly after observing Defendant Ramadhan's act, Plaintiff was attacked by Defendants Sloan and Ramadhan, and thrown onto the black bag which had just been thrown onto the pick-up truck by Defendant Ramadhan. During the struggle, Defendants Sloan and Ramadhan forced Plaintiff's hand onto the surface of the black bag. Before the date of this incident, Plaintiff had no ownership of, or connection to, the bag.

16. During the arrest on February 13th, the Defendants searched Plaintiff's vehicle, as well as a vehicle owned by Plaintiff's sister, Rosita Barnhardt, drawing the attention of Plaintiff's neighbors and passersby.

17. Plaintiff was ultimately arrested and charged in U.S. District Court for the District of Columbia, in Case No. 04-132 (PLF), with serious drug offenses, carrying a potential life sentence.

18. The federal drug charges against Plaintiff were ultimately dismissed, on the Government's motion, on September 2, 2004, after the court granted Plaintiff's Motion to Suppress Physical Evidence in that case. The Court concluded, in its ruling, that the officers acted without probable cause to arrest Plaintiff on February 13th.

## COUNT 1: VIOLATIONS OF 42 U.S.C. 1983: ARREST

19. Plaintiff repeats, realleges and incorporates by reference, the allegations in Paragraphs 1 through 17, as if set forth herein.

20. Plaintiff believes that Defendants Sloan and Ramadhan orchestrated their arrival at Plaintiff's home in order to "plant" drug evidence at his premises, and to falsely arrest Plaintiff on serious drug charges. Plaintiff has reason to believe that the motive for these acts was retaliation for the earlier incident in which Plaintiff drove away from his home, causing Defendant Sloan to fall off of Plaintiff's vehicle.

21. Acting under color of law, Defendants denied Plaintiff the rights, privileges and immunities secured by the United States Constitution and federal law by:

    (a) depriving Plaintiff of his liberty without due process of law, by taking him into custody,

    (b) making an unreasonable search and seizure of his property without due process of law,

    (c) conspiring, for the purpose of impeding and hindering the due course of justice, with intent to deny Plaintiff equal protection of laws.

    (d) Refusing or neglecting to prevent such denials of Plaintiff's rights, as guaranteed under the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

WHEREFORE, Plaintiff demands judgment for the illegal arrest against all Defendants, jointly and severally, for actual, general, special and compensatory damages in the amount of $500,000 and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $100,000, plus costs, and such other relief as may be deemed just and appropriate.

## COUNT 2: VIOLATIONS OF 42 U.S.C. 1983: DETENTION AND CONFINEMENT

22. Plaintiff repeats, and incorporates by reference, the allegations contained in Paragraphs 1 through 20, as if set forth herein.

23. As a result of the Defendants' actions, Plaintiff was detained, handcuffed and arrested. He remained jailed without bond on the federal drug charges from February 13, 2004 through September 2, 2004, the date on which the charges were dismissed. Although Plaintiff was later detained on separate, unrelated charges, he seeks compensation for the unlawful detention suffered on the federal charges described above.

WHEREFORE, Plaintiff demands judgment for the unlawful detention and confinement against all Defendants, jointly and severally, for actual damages, general and compensatory damages in the amount of $500,000, and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $100,000, plus the costs of this action, including attorney's fees, and such other relief as may be deemed just and proper.

## COUNT 3: VIOLATIONS OF 42 U.S.C. 1983: CONSPIRACY

24. Plaintiff repeats and incorporates by reference, the allegations contained in Paragraphs 1 through 22 above, as if set forth herein.

25. Defendants Sloan and Ramadhan conspired to falsely arrest Plaintiff on February 13, 2004 by arriving at his home under the pretense of delivering a federal subpoena upon Plaintiff in connection with a case involving his brother. This is evidenced by the fact that the Defendants, rather than simply hand Plaintiff the subpoena once his identity was established, put into motion a chain of events in which they escalated the contact with Plaintiff to the point that they could justify arresting him.

26. At no time did the defendants observe Plaintiff commit any crime. Rather, defendants Sloan and Ramadhan initiated the use of force on Plaintiff <u>after defendant Ramadhan illegally placed a bag with drugs in a vehicle at Plaintiff's home</u>. Prior to the time of his arrest, Plaintiff had no knowledge of, or connection to, the bag where the illegal drugs were found.

27. Plaintiff has reason to believe that the motive of the Defendants in conspiring to "frame" him for these charges was two-fold: (1) as retaliation for Plaintiff driving off and causing defendant Sloan to fall off Plaintiff's car in the earlier incident; and (2) as part of a pattern of harassment of Plaintiff's family because of police suspicions that Plaintiff's brother was involved in drug activity.

28. On the previous encounter between Plaintiff and Defendant Sloan, Plaintiff was unaware of the fact that Defendant Sloan, who was dressed in plain clothes, was a police officer.

29. As a result of their concerted unlawful and malicious arrest by Defendants, Plaintiff was deprived of both his liberty and due process of law, in violation of the Fifth and Fourteenth Amendments of the U.S. Constitution and 42 U.S.C. 1983.

WHEREFORE, Plaintiff demands judgment for the conspiracy against all the Defendants, jointly and severally, for actual, general, special and compensatory damages in the amount of $500,000, and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $100,00, plus costs of this action, and such other relief as may be deemed just and proper.

## COUNT 4: VIOLATION OF 42 U.S.C. 1983: REFUSING OR NEGLECTING TO PREVENT

30. Plaintiff repeats, and incorporates by reference, the allegations contained in Paragraphs 1 through 29 above, as if set forth herein.

31. At all times relevant to this Complaint, Defendants Sloan and Ramadhan, as police officers in the Metropolitan Police Department, were acting under the control and direction of Defendant Ramsey, certain unnamed supervisors, and the District of Columbia, through its then- Mayor, Defendant Williams. Defendant Williams, as Mayor, had policy-making authority regarding police policy and procedures.

32. Acting under color of law, and pursuant to official policy and custom, Defendants Ramsey and the District of Columbia knowingly, or negligently failed to instruct, supervise, control and discipline the Defendant police officers in the performance of their duties.  This lack of oversight led to the environment in which the Defendants were permitted to conspire to falsely arrest Plaintiff for their personal motives.

33. The Defendants Ramsey, Williams, and the District of Columbia, are liable for the actions of the Defendant officers under the doctrine of Respondeat Superior.

WHEREFORE, Plaintiff demands judgment for negligence against the Defendants, jointly and severally, for actual, general, special, and compensatory damages in the amount of $500,000, plus the costs of this action, including attorney's fees, and such other relief as may be deemed just and proper.

## COUNT 5: VIOLATION OF 42 U.S.C. 1983: STRIP SEARCH

34. Plaintiff repeats, and incorporates by reference, the allegations contained in Paragraphs 1 through 33 above, as if set forth herein.

35. As a result of their concerted unlawful and malicious arrest, detention and confinement of Plaintiff, Defendants Sloan and Ramadhan caused Plaintiff to be subjected to a strip search of his body, under circumstances where there was no cause to believe that weapns or contraband had been concealed in, or on, his body.  There were two (2) strip searches of Plaintiff: a partial such search outside his home at the time of his arrest; and a second, more thorough search at Narcotics Headquarters, downtown.  These acts deprived Plaintiff of his liberty without due process of law, as well as his right to equal protection of the laws, in violation of the Fourth, Fifth, Ninth, and Fourteenth Amendments of the United States Constitution, and 42 U.S.C. 1983.

WHEREFORE, Plaintiff demands judgment for the strip search against all the Defendants, jointly and severally, for actual, general, special, and compensatory damages in the amount of $500,000, and further demands judgment against Defendants Sloan and Ramadhan, jointly and severally, for punitive damages in the amount of $100,00, plus the costs of this action, and such other relief as may be deemed just and proper.

## COUNT 6: VIOLATION OF 42 U.S.C. 1981: RACIAL DISCRIMINATION

36. Plaintiff repeats, and incorporates by reference, the allegations contained in Paragraphs 1 through 35, above, as if set forth herein.

37. Based on the circumstances, words and conduct of Defendants Sloan and Ramadhan, and other officers, Plaintiff had reason to believe that he was targeted for the arrest based on his status as an African American.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, for actual, general, special, and compensatory damages in the amount of $500,000, and further demands judgment against Defendants, jointly and severally, for punitive damages in the amount of $100,000, plus the costs of this action, including attorney's fees, and such other relief as may be deemed just and proper.

## COUNT 7: FALSE ARREST AND IMPRISONMENT

38. Plaintiff repeats, and incorporates by reference, the allegations contained in Paragraphs 1 through 37, above, as if set forth herein.

39. During the course of the false arrest, Defendants Sloan and Ramadhan seized $3894.00 in U.S. currency from Plaintiff. This money was never returned to Plaintiff, even after the ultimate dismissal of the criminal case against him in U.S. District Court.

WHEREFORE, Plaintiff demands the return of his currency, in the amount of $3894.00. In addition, Plaintiff demands judgment against the Defendants, jointly and severally, for actual, general and special damages in the amount of $500,000, and further demands punitive damages, jointly and severally, against Defendants, plus costs, and such other relief as may be deemed just and proper

## COUNT 8: ASSAULT

40. Plaintiff repeats, and incorporates by reference, the allegations contained in Paragraphs 1 through 39, above, as if set forth herein.

41. On February 13, 2004, Defendants Sloan and Ramadhan, grabbed, physically restrained, and threw Plaintiff upon the vehicle in the driveway of his home, causing injury to Plaintiff, in violation of 22 D.C. Code Section 404.

WHERFORE, Plaintiff demands judgment against all Defendants, jointly and severally, for actual, general, special and compensatory damages in the amount of $500,000, and further demands judgment, jointly and severally, for punitive damages in the amount of $100,000, plus costs, including attorney's fee, and such other relief as may be deemed just and proper.

## COUNT 9: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

42. Plaintiff repeats, and incorporates by reference, the allegations contained in Paragraphs 1 through 41, above, as if set forth herein.

45. Defendants Sloan and Ramadhan, by maliciously conspiring to turn the serving of a subpoena upon Plaintiff into a false arrest, knew that their actions would cause great emotional harm to Plaintiff. In addition, Plaintiff suffered the stress of having his home improvement business, "American the Beautiful" disrupted, and potentially ruined by the false arrest and detention caused by the Defendants. Plaintiff will seek damages for the loss of business income, with an amount to be determined later.

46. Defendants Ramsey, Williams, and the District of Columbia are responsible for the actions of Defendants Sloan and Ramadhan under the doctrine of Respondeat Superior.

WHEREFORE, Plaintiff demands judgment against all Defendants, jointly and severally, for loss of business income, and special damages in the amount of $500,000, and further demands judgment against Defendants, jointly and severally, for punitive damages in the amount of $100,000, plus the costs of this action, including attorney's fees, and such other relief as may be deemed just and proper.

## COUNT 10: MALICIOUS PROSECUTION AND ABUSE OF PROCESS

47. Plaintiff repeats, and incorporates by reference, the allegations contained in Paragraphs 1 through 46, above, as if set forth herein.

48. The Defendants, by falsely accusing Plaintiff of a serious crime using planted evidence, set into motion the pretrial detention and indictment of Plaintiff. The Defendants committed these acts with malice, since they knew, or had reason to know that Plaintiff would ultimately be charged with those crimes.

WHEREFORE, Plaintiff demands judgment against all Defendants, jointly and severally, for actual, special and compensatory damages in the amount of $500,000, and further demands judgment against Defendants Sloan and Ramadhan, jointly and severally, for punitive damages in the amount of $100,000, plus the costs of this action, including attorney's fees, and such other relief as may be deemed just and proper.

## COUNT 11: UNLAWFUL ENTRY/TRESPASSING

49. Plaintiff repeats, and incorporates by reference, the allegations contained in Paragraphs 1 through 48, above, as if set forth herein.

50. On the date of the incident, Defendants Sloan and Ramadhan first approached Plaintiff near the front of his home, at 4709 Bass Place, S.E., for the alleged purpose of serving him the Grand Jury subpoena described above. After speaking with Plaintiff, and after being shown identification by Plaintiff, the Defendants <u>failed to serve him with the subpoena at that time</u> Rather, after Plaintiff walked onto his property, in the direction of his house, the Defendants, without cause, and without Plaintiff's permission, followed Plaintiff onto his property. In addition, the Defendants walked around the area of Plaintiff's home, actions which had no connection to the serving of the subpoena. The Defendants ultimately searched Plaintiff's vehicle, as well as a vehicle belonging to Plaintiff's sister, which were parked in the driveway of the home. These searches were conducted without a search warrant.

51. The Defendant's conduct constituted a violation of Plaintiff's Fourth, Fifth and Fourteenth Amendment rights under the U.S. Constitution. Since the Defendants elected <u>not</u> to serve Plaintiff with the subpoena before entering the property, they had no lawful purpose for their actions. The Defendants, therefore, violated the provisions of 22 D.C. Code Section 3301.

WHEREFORE, Plaintiff demands judgment against all Defendants, jointly and severally, for actual, special, and compensatory damages in the amount of $500,000, and further demands judgment against Defendants Sloan and Ramadhan, jointly and severally, for punitive damages in the amount of $100,000, plus the costs of this action, including attorney's fees, and  such other relief as may be deemed just and proper.

Respectfully submitted,

John Barnhardt, Plaintiff, Pro Se
Reg. No. 02392-000
Federal Correctional Institution-Morgantown
P.O. Box 1000
Morgantown, WV 26507-1000

## PLAINTIFF'S VERIFICATION

I HEREBY AFFIRM AND VERIFY that I am the Plaintiff herein, and have read the foregoing Complaint.  The facts stated therein are true to the best of my knowledge, recollection and belief.

John Barnhardt

07-624
F JBD

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS

JOHN BARNHARDT

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  88688
(EXCEPT IN U.S. PLAINTIFF CASES)

PRO SE      (PR)

## DEFENDANTS

THE DISTRICT OF COLUMBIA, ETAL

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

#02392-000

Case: 1:07-cv-00624
Assigned To : Bates, John D.
Assign. Date : 4/3/2007
Description: BARNHARDT v. DC

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government
Plaintiff

☐ 2 U.S. Government
Defendant

☐ 3 Federal Question
(U.S. Government Not a Party)

☐ 4 Diversity
(Indicate Citizenship of Parties
in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ☐ A. Antitrust

☐ 410 Antitrust

### ☐ B. Personal Injury/ Malpractice

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ☐ C. Administrative Agency Review

☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If
Administrative Agency is Involved)

### ☐ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

## ☐ E. General Civil (Other) OR ☐ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or
defendant
☐ 871 IRS-Third Party 26
USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of
Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational
Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC
Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt
Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/
Exchange
☐ 875 Customer Challenge 12 USC
3410
☐ 900 Appeal of fee determination
under equal access to Justice
☐ 950 Constitutionality of State
Statutes
☐ 890 Other Statutory Actions (if not
administrative agency review or
Privacy Act

| ☐ **G.** *Habeas Corpus/ 2255* | ☐ **H.** *Employment Discrimination* | ☐ **I.** *FOIA/PRIVACY ACT* | ☐ **J.** *Student Loan* |
|---|---|---|---|
| ☐ **530 Habeas Corpus-General** ☐ **510 Motion/Vacate Sentence** | ☐ **442 Civil Rights-Employment** (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation) *(If pro se, select this deck)* | ☐ **895 Freedom of Information Act** ☐ **890 Other Statutory Actions (if Privacy Act)** *(If pro se, select this deck)* | ☐ **152 Recovery of Defaulted Student Loans (excluding veterans)** |
| ☐ **K.** *Labor/ERISA (non-employment)* | ☐ **L.** *Other Civil Rights (non-employment)* | ☐ **M.** *Contract* | ☐ **N.** *Three-Judge Court* |
| ☐ **710 Fair Labor Standards Act** ☐ **720 Labor/Mgmt. Relations** ☐ **730 Labor/Mgmt. Reporting & Disclosure Act** ☐ **740 Labor Railway Act** ☐ **790 Other Labor Litigation** ☐ **791 Empl. Ret. Inc. Security Act** | ☐ **441 Voting (if not Voting Rights Act)** ☐ **443 Housing/Accommodations** ☐ **444 Welfare** ☐ **440 Other Civil Rights** ☐ **445 American w/Disabilities-Employment** ☐ **446 Americans w/Disabilities-Other** | ☐ **110 Insurance** ☐ **120 Marine** ☐ **130 Miller Act** ☐ **140 Negotiable Instrument** ☐ **150 Recovery of Overpayment & Enforcement of Judgment** ☐ **153 Recovery of Overpayment of Veteran's Benefits** ☐ **160 Stockholder's Suits** ☐ **190 Other Contracts** ☐ **195 Contract Product Liability** ☐ **196 Franchise** | ☐ **441 Civil Rights-Voting (if Voting Rights Act)** |

**V. ORIGIN**

(⊙)**1 Original Proceeding**   ☐ **2 Removed from State Court**   ☐ **3 Remanded from Appellate Court**   ☐ **4 Reinstated or Reopened**   ☐ **5 Transferred from another district (specify)**   ☐ **Multi district Litigation**   ☐ **7Appeal to District Judge from Mag. Judge**

---

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

/42 USC 1983

---

**VII. REQUESTED IN COMPLAINT**    CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23    **DEMAND $** 600,600    Check YES only if demanded in complaint **JURY DEMAND:** ☐ YES  ☒ NO

**VIII. RELATED CASE(S) IF ANY**   (See instruction)    ☐ YES  ☐ NO   If yes, please complete related case form.

DATE    SIGNATURE OF ATTORNEY OF RECORD    NCA

JTC

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

\forms\js-44.wpd