UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOHN BARNHARDT, :
      Plaintiff :
: Civil Action No. 07-0624 (JDB)
v. : Judge Bates
:
DISTRICT OF COLUMBIA, et al., :
      Defendants. :

*RECEIVED AUG 1 0 2007 NANCY MAYER WHITTINGTON, U.S. DISTRICT COURT, CLERK*

## PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

Plaintiff John Barnhardt, pursuant to Fed. R. Civ. P. 15(a), and this Court's Order of June 7, 2007, respectfully moves for leave to file an Amended Complaint in the above-captioned matter.

As grounds for this motion, Plaintiff states the following:

1. On February 12, 2007, Plaintiff filed an 11-count Civil Complaint for Damages under the Case Number listed above.

2. On April 16, 2007, Plaintiff filed a document entitled, "Motion to Amend the Complaint Pursuant to Rule 15 of the Federal Rules of Civil Procedure". In that filing, Plaintiff sought, among other things, to: (1) add prospective Defendants to his Complaint; (2) delete the sum of $600,000 (Six Hundred Thousand Dollars) in total damages sought in the Complaint, and replace that figure with the sum of $6,000,000 (Six Million Dollars); and (3) add a jury trial demand. This proposed amendment also sought to increase the compensatory and related damages requested against each Defendant from the sum of $500,000 (Five Hundred Thousand Dollars) to the sum of $600,000 (Six Hundred Thousand Dollars) in each applicable count of the Complaint.

3. In its Order of June 7, 2007, this Court denied Plaintiff's motion without prejudice, with instructions for Plaintiff to comply with Fed. R. Civ. P. 10(b); Fed. R. Civ. P. 15(a); LCvR 7(i); LCvR 15.1; and LCvR 5.1(e).

4. Plaintiff hereby submits the attached amended pleading, in compliance with the aforementioned Rules, and Order of this Court.

WHEREFORE, for the reasons set forth above, and such other reasons as may be deemed just and proper, Plaintiff moves that this motion be granted.

Respectfully submitted,

John Barnhardt, Plaintiff Pro Se
4709 Bass Place, S.E.
Washington, D.C. 20019

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Motion for Leave to File Amended Complaint, and the accompanying Amended Complaint, was mailed, 1st Class Postage Prepaid, to Defendant Anthony Williams, c/o 1350 Pennsylvania Avenue, N.W., Washington, D.C. 2004, Defendants Curt Sloan, Allee Ramadhan and Charles Ramsey, c/o 300 Indiana Avenue, N.W., Washington, D.C. 20001, and Defendant District of Columbia, c/o The Office of the Attorney General for the District of Columbia, 1350 Pennsylvania Avenue, N.W., Washington, D.C. 20004, this _10_ day of _August_, 2007.

John Barnhardt

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN BARNHARDT<br>4709 Bass Place, S.E.<br>Washington, D.C. 20019,<br>           Plaintiff<br><br>v.<br><br>THE DISTRICT OF COLUMBIA<br>   John A. Wilson Bldg.<br>   1350 Pennsylvania Avenue, N.W.<br>   Washington, D.C. 20004<br>ANTHONY WILLIAMS, Mayor, in His<br>   Official and Individual Capacities,<br>   c/o John A. Wilson Bldg.<br>   1350 Pennsylvania Avenue, N.W.<br>   Washington, D.C. 20004<br>SGT. CURT SLOAN, in His Official and<br>   Individual Capacities,<br>   300 Indiana Avenue, N.W.<br>   Washington, D.C. 20001<br>DET. ALLEE RAMADHAN, in His Official<br>   And Individual Capacities,<br>   300 Indiana Avenue, N.W.<br>   Washington, D.C. 20001<br>UNIDENTIFIED METROPOLITAN POLICE<br>OFFICER (JOHN DOE), in His Official and<br>   Individual Capacities,<br>   300 Indiana Avenue, N.W.<br>   Washington, D.C. 20001<br>CHARLES RAMSEY, Chief of the<br>   Metropolitan Police Department, in His<br>   Official and Individual Capacities,<br>   300 Indiana Avenue, N.W.<br>   Washington, D.C. 20001,<br>                       Defendants | Civil Action No. 07-0624 (JDB)<br><br>**Civil Rights Action for<br>Constitutional Violations**<br><br>**AMENDED COMPLAINT**<br><br>Jury Trial Demand |

**AMENDED COMPLAINT**

## INTRODUCTION

John Barnhardt ("Plaintiff"), a citizen of the District of Columbia, hereby asserts the following claims against the Defendants in the above-entitled action:

(1) Violation of 42 U.S.C. 1983: Arrest,
(2) Violation of 42 U.S.C. 1983: Detention and Confinement,
(3) Violation of 42 U.S.C. 1983: Conspiracy,
(4) Violation of 42 U.S.C. 1983:Refusing or Neglecting to Prevent,
(5) Violation of 42 U.S.C. 1983: Strip Search,
(6) Violation of 42 U.S.C. 1981: Racial Discrimination,
(7) False Arrest and Imprisonment,
(8) Assault,
(9) Intentional Infliction of Emotional Distress, and
(10) Malicious Prosecution and Abuse of Process.
(11) Unlawful Entry / Trespassing

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. Sections 1331, 1337, 1343(a), and 1367; 42 U.S.C. Sections 1981, 1983, 1985, 1986 and 1988; and 28 U.S.C. Sections 1961-1968.

2. Jurisdiction of this Court for the pendent claims is authorized by F.R.Civ.P. 18(a), and arises under the doctrine of pendent jurisdiction, as set forth in United Mine Workers v. Gibbs, 383 U.S. 715 (1966).

## PARTIES

3. Plaintiff John Barnhardt is a natural person, who was residing at 4709 Bass Place, S.E., Washington, D.C., at all times relevant to this Complaint.

4. Defendant Anthony Williams ("Williams"), who is a natural person, was the duly-elected Mayor of the District of Columbia at all times relevant to this Complaint.

5. Defendant Curt Sloan ("Sloan"), who is a natural person, was a duly appointed police officer with the Metropolitan Police Department, Washington, D.C., at all times relevant to this Complaint.

6. Defendant Allee Ramadhan, who is a natural person, was a duly-appointed police officer with the Metropolitan Police Department, Washington, D.C., at all times relevant to this Complaint.

7. Defendant Charles Ramsey ("Ramsey"), who is a natural person, was the duly-appointed Chief of the Metropolitan Police Department at all times relevant to this Complaint, and was responsible for the promulgation and implementation of police procedures and practices in the District of Columbia.

8. Defendant "John Doe", whose identity is not presently known to Plaintiff, was a duly-appointed police officer with the Metropolitan Police Department, Washington, D.C., at all times relevant to this Complaint.

9. Defendant District of Columbia is a Municipal Corporation, organized under the laws of the United States Congress. It is responsible for the policies, procedures and practices implemented through its various agencies, departments and employees, and for any injuries resulting from their actions.

10. Defendant Ramsey, and others not presently known to Plaintiff, were duly-appointed Metropolitan Police officers, and supervisors of Defendants Sloan and Ramadhan.

11. Plaintiff brings this action against all public employees in their official and individual capacities.

12. At all times relevant to this Complaint, the Defendants acted toward Plaintiff under the color of the statutes, ordinances, customs, and usage of the District of Columbia and the Metropolitan Police Department.

## FACTS

13. The incident which forms the basis of this Complaint occurred February 13, 2004. The encounter on February 13th, however, was related to an earlier encounter between Defendant Sloan and Plaintiff several weeks earlier, at the same location.

14. On or about December 15, 2003, Defendant Sloan and two (2) unidentified officers came to Plaintiff's home at 4709 Bass Place, S.E., Washington, D.C., for the purpose of serving Plaintiff a subpoena to appear before a federal Grand Jury in connection with a drug case then pending against Plaintiff's brother, Thomas. Defendant Sloan, as well as the other officers, was dressed in plain clothes at the time. At the time of their arrival, Plaintiff was sitting in a vehicle in the driveway of his home, in the company of his nephew. The manner in which Defendant Sloan, and the others, approached Plaintiff's car caused Plaintiff to become alarmed, and to attempt to drive away from the scene. Plaintiff was unaware, at that time, that Defendant was a police officer. As Plaintiff drove away, Defendant jumped onto Plaintiff's car and fell off the vehicle as Plaintiff ultimately left the scene.

15. On February 13, 2004, Defendant Sloan made another visit to Plaintiff's home at 4709 Bass Place, S.E. for the alleged purpose of serving Plaintiff with the Grand Jury subpoena. This time, Defendant Sloan was accompanied by Defendant Ramadhan and the unidentified officer, Defendant John Doe. Again, Plaintiff was on the outside of his property at the time of the officers' arrival. The Defendants approached Plaintiff and confronted him regarding his (Plaintiff's) identity. At some point during this encounter, Plaintiff observed defendant Ramadhan throw a dark or black object onto the bed of a pick-up truck, which was parked in the driveway of Plaintiff's home. This object later turned out to be a black bag.

16. Shortly after observing Defendant Ramadhan's act, Plaintiff was attacked by Defendants Sloan and Ramadhan, and thrown onto the black bag which had just been thrown onto the pick-up truck by Defendant Ramadhan. During the struggle, Defendants Sloan and Ramadhan forced Plaintiff's hand onto the surface of the black bag. Before the date of this incident, Plaintiff had no ownership of, or connection to, the bag.

17. During the arrest on February 13th, the Defendants searched Plaintiff's vehicle, as well as a vehicle owned by Plaintiff's sister, Rosita Barnhardt, drawing the attention of Plaintiff's neighbors and passersby.

18. Plaintiff was ultimately arrested and charged in U.S. District Court for the District of Columbia, in Case No. 04-132 (PLF), with serious drug offenses, carrying a potential life sentence.

19. The federal drug charges against Plaintiff were ultimately dismissed, <u>on the Government's motion</u>, on September 2, 2004, after the court granted Plaintiff's Motion to Suppress Physical Evidence in that case. The Court concluded, in its ruling, that the officers acted without probable cause to arrest Plaintiff on February 13th.

## COUNT 1: VIOLATIONS OF 42 U.S.C. 1983: ARREST

20. Plaintiff repeats, realleges and incorporates by reference, the allegations in Paragraphs 1 through 19, as if set forth herein.

21. Plaintiff believes that Defendants Sloan and Ramadhan orchestrated their arrival at Plaintiff's home in order to "plant" drug evidence at his premises, and to falsely arrest Plaintiff on serious drug charges. Plaintiff has reason to believe that the motive for these acts was <u>retaliation for the earlier incident in which Plaintiff drove away from his home, causing Defendant Sloan to fall off of Plaintiff's vehicle</u>.

22. Acting under color of law, Defendants denied Plaintiff the rights, privileges and immunities secured by the United States Constitution and federal law by:

   (a) depriving Plaintiff of his liberty without due process of law, by taking him into custody,

   (b) making an unreasonable search and seizure of his property without due process of law,
   (c) conspiring, for the purpose of impeding and hindering the due course of justice, with intent to deny Plaintiff equal protection of laws.
   (d) Refusing or neglecting to prevent such denials of Plaintiff's rights, as guaranteed under the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

WHEREFORE, Plaintiff demands judgment for the illegal arrest against all Defendants, jointly and severally, for actual, general, special and compensatory damages in the amount of $600,000 and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $100,000, plus costs, and such other relief as may be deemed just and appropriate.

## COUNT 2: VIOLATIONS OF 42 U.S.C. 1983: DETENTION AND CONFINEMENT

23. Plaintiff repeats, and incorporates by reference, the allegations contained in Paragraphs 1 through 22, as if set forth herein.

24. As a result of the Defendants' actions, Plaintiff was detained, handcuffed and arrested. He remained jailed without bond on the federal drug charges from February 13, 2004 through September 2, 2004, the date on which the charges were dismissed. Although Plaintiff was later detained on separate, unrelated charges, he seeks compensation for the unlawful detention suffered on the federal charges described above.

WHEREFORE, Plaintiff demands judgment for the unlawful detention and confinement against all Defendants, jointly and severally, for actual damages, general and compensatory damages in the amount of $600,000, and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $100,000, plus the costs of this action, including attorney's fees, and such other relief as may be deemed just and proper.

## COUNT 3: VIOLATIONS OF 42 U.S.C. 1983: CONSPIRACY

25. Plaintiff repeats and incorporates by reference, the allegations contained in Paragraphs 1 through 24 above, as if set forth herein.

26. Defendants Sloan and Ramadhan conspired to falsely arrest Plaintiff on February 13, 2004 by arriving at his home under the pretense of delivering a federal subpoena upon Plaintiff in connection with a case involving his brother. This is evidenced by the fact that the Defendants, rather than simply hand Plaintiff the subpoena once his identity was established, put into motion a chain of events in which they escalated the contact with Plaintiff to the point that they could justify arresting him.

27. At no time did the defendants observe Plaintiff commit any crime. Rather, defendants Sloan and Ramadhan initiated the use of force on Plaintiff <u>after defendant Ramadhan illegally placed a bag with drugs in a vehicle at Plaintiff's home</u>. Prior to the time of his arrest, Plaintiff had no knowledge of, or connection to, the bag where the illegal drugs were found.

28. Plaintiff has reason to believe that the motive of the Defendants in conspiring to "frame" him for these charges was two-fold: (1) as retaliation for Plaintiff driving off and causing defendant Sloan to fall off Plaintiff's car in the earlier incident; and (2) as part of a pattern of harassment of Plaintiff's family because of police suspicions that Plaintiff's brother was involved in drug activity.

29. On the previous encounter between Plaintiff and Defendant Sloan, Plaintiff was unaware of the fact that Defendant Sloan, who was dressed in plain clothes, was a police officer.

30. In addition to being present at the February 13th incident described herein, Defendant John Doe <u>was also present at a later, unrelated incident involving Plaintiff on May 7, 2005</u>. In that incident, Plaintiff was arrested for Fleeing and Eluding law enforcement officers and, among other charges, Possession with Intent to Distribute a Controlled Substance (Cocaine). Plaintiff was never formally charged or prosecuted for the narcotics offense. Plaintiff has reason to believe that Officer John Doe also conspired, with Defendants Sloan and Ramadhan, by planting alleged narcotics on or near Plaintiff's vehicle during the May 7th arrest. Defendant Doe took these actions as part of a pattern of retaliatory actions against Plaintiff by the Defendants.

31. As a result of their concerted unlawful and malicious arrest by Defendants, Plaintiff was deprived of both his liberty and due process of law, in violation of the Fifth and Fourteenth Amendments of the U.S. Constitution and 42 U.S.C. 1983.

WHEREFORE, Plaintiff demands judgment for the conspiracy against all the Defendants, jointly and severally, for actual, general, special and compensatory damages in the amount of $600,000, and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $100,00, plus costs of this action, and such other relief as may be deemed just and proper.

## COUNT 4: VIOLATION OF 42 U.S.C. 1983:
## REFUSING OR NEGLECTING TO PREVENT

32. Plaintiff repeats, and incorporates by reference, the allegations contained in Paragraphs 1 through 31 above, as if set forth herein.

33. At all times relevant to this Complaint, Defendants Sloan and Ramadhan, as police officers in the Metropolitan Police Department, were acting under the control and direction of Defendant Ramsey, certain unnamed supervisors, and the District of Columbia, through its then- Mayor, Defendant Williams. Defendant Williams, as Mayor, had policy-making authority regarding police policy and procedures.

34. Acting under color of law, and pursuant to official policy and custom, Defendants Ramsey and the District of Columbia knowingly, or negligently failed to instruct, supervise, control and discipline the Defendant police officers in the performance of their duties. This lack of oversight led to the environment in which the Defendants were permitted to conspire to falsely arrest Plaintiff for their personal motives.

35. The Defendants Ramsey, Williams, and the District of Columbia, are liable for the actions of the Defendant officers under the doctrine of Respondeat Superior.

WHEREFORE, Plaintiff demands judgment for negligence against the Defendants, jointly and severally, for actual, general, special, and compensatory damages in the amount of $600,000, plus the costs of this action, including attorney's fees, and such other relief as may be deemed just and proper.

## COUNT 5: VIOLATION OF 42 U.S.C. 1983: STRIP SEARCH

36. Plaintiff repeats, and incorporates by reference, the allegations contained in Paragraphs 1 through 35 above, as if set forth herein.

37. As a result of their concerted unlawful and malicious arrest, detention and confinement of Plaintiff, Defendants Sloan and Ramadhan caused Plaintiff to be subjected to a strip search of his body, under circumstances where there was no cause to believe that weapns or contraband had been concealed in, or on, his body. There were two (2) strip searches of Plaintiff: a partial such search outside his home at the time of his arrest; and a second, more thorough search at Narcotics Headquarters, downtown. These acts deprived Plaintiff of his liberty without due process of law, as well as his right to equal protection of the laws, in violation of the Fourth, Fifth, Ninth, and Fourteenth Amendments of the United States Constitution, and 42 U.S.C. 1983.

WHEREFORE, Plaintiff demands judgment for the strip search against all the Defendants, jointly and severally, for actual, general, special, and compensatory damages in the amount of $600,000, and further demands judgment against Defendants Sloan and Ramadhan, jointly and severally, for punitive damages in the amount of $100,00, plus the costs of this action, and such other relief as may be deemed just and proper.

## COUNT 6: VIOLATION OF 42 U.S.C. 1981: RACIAL DISCRIMINATION

38. Plaintiff repeats, and incorporates by reference, the allegations contained in Paragraphs 1 through 37 above, as if set forth herein.

39. Based on the circumstances, words and conduct of Defendants Sloan and Ramadhan, and other officers, Plaintiff had reason to believe that he was targeted for the arrest based on his status as an African American.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, for actual, general, special, and compensatory damages in the amount of $600,000, and further demands judgment against Defendants, jointly and severally, for punitive damages in the amount of $100,000, plus the costs of this action, including attorney's fees, and such other relief as may be deemed just and proper.

## COUNT 7: FALSE ARREST AND IMPRISONMENT

40. Plaintiff repeats, and incorporates by reference, the allegations contained in Paragraphs 1 through 39 above, as if set forth herein.

41. During the course of the false arrest, Defendants Sloan and Ramadhan seized $3894.00 in U.S. currency from Plaintiff. This money was never returned to Plaintiff, even after the ultimate dismissal of the criminal case against him in U.S. District Court.

WHEREFORE, Plaintiff demands the return of his currency, in the amount of $3894.00. In addition, Plaintiff demands judgment against the Defendants, jointly and severally, for actual, general and special damages in the amount of $600,000, and further demands punitive damages, jointly and severally, against Defendants, plus costs, and such other relief as may be deemed just and proper

## COUNT 8: ASSAULT

42. Plaintiff repeats, and incorporates by reference, the allegations contained in Paragraphs 1 through 41 above, as if set forth herein.

43. On February 13, 2004, Defendants Sloan and Ramadhan, grabbed, physically restrained, and threw Plaintiff upon the vehicle in the driveway of his home, causing injury to Plaintiff, in violation of 22 D.C. Code Section 404.

WHEREFORE, Plaintiff demands judgment against all Defendants, jointly and severally, for actual, general, special and compensatory damages in the amount of $600,000, and further demands judgment, jointly and severally, for punitive damages in the amount of $100,000, plus costs, including attorney's fee, and such other relief as may be deemed just and proper.

## COUNT 9: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

44. Plaintiff repeats, and incorporates by reference, the allegations contained in Paragraphs 1 through 43 above,, as if set forth herein.

45. Defendants Sloan and Ramadhan, by maliciously conspiring to turn the serving of a subpoena upon Plaintiff into a false arrest, knew that their actions would cause great emotional harm to Plaintiff. In addition, Plaintiff suffered the stress of having his home improvement business, "American the Beautiful" disrupted, and potentially ruined by the false arrest and detention caused by the Defendants. Plaintiff will seek damages for the loss of business income, with an amount to be determined later.

46. Defendants Ramsey, Williams, and the District of Columbia are responsible for the actions of Defendants Sloan and Ramadhan under the doctrine of Respondeat Superior.

WHEREFORE, Plaintiff demands judgment against all Defendants, jointly and severally, for loss of business income, and special damages in the amount of $600,000, and further demands judgment against Defendants, jointly and severally, for punitive damages in the amount of $100,000, plus the costs of this action, including attorney's fees, and such other relief as may be deemed just and proper.

## COUNT 10: MALICIOUS PROSECUTION AND ABUSE OF PROCESS

47. Plaintiff repeats, and incorporates by reference, the allegations contained in Paragraphs 1 through 46 above, as if set forth herein.

48. The Defendants, by falsely accusing Plaintiff of a serious crime using planted evidence, set into motion the pretrial detention and indictment of Plaintiff. The Defendants committed these acts with malice, since they knew, or had reason to know that Plaintiff would ultimately be charged with those crimes.

WHEREFORE, Plaintiff demands judgment against all Defendants, jointly and severally, for actual, special and compensatory damages in the amount of $600,000, and further demands judgment against Defendants Sloan and Ramadhan, jointly and severally, for punitive damages in the amount of $100,000, plus the costs of this action, including attorney's fees, and such other relief as may be deemed just and proper.

## COUNT 11: UNLAWFUL ENTRY/TRESPASSING

49. Plaintiff repeats, and incorporates by reference, the allegations contained in Paragraphs 1 through 48, above, as if set forth herein.

50. On the date of the incident, Defendants Sloan and Ramadhan first approached Plaintiff near the front of his home, at 4709 Bass Place, S.E., for the alleged purpose of serving him the Grand Jury subpoena described above. After speaking with Plaintiff, and after being shown identification by Plaintiff, the Defendants <u>failed to serve him with the subpoena at that time</u> Rather, after Plaintiff walked onto his property, in the direction of his house, the Defendants, without cause, and without Plaintiff's permission, followed Plaintiff onto his property. In addition, the Defendants walked around the area of Plaintiff's home, actions which had no connection to the serving of the subpoena. The Defendants ultimately searched Plaintiff's vehicle, as well as a vehicle belonging to Plaintiff's sister, which were parked in the driveway of the home. These searches were conducted without a search warrant.

51. The Defendant's conduct constituted a violation of Plaintiff's Fourth, Fifth and Fourteenth Amendment rights under the U.S. Constitution. Since the Defendants elected <u>not</u> to serve Plaintiff with the subpoena before entering the property, they had no lawful purpose for their actions. The Defendants, therefore, violated the provisions of 22 D.C. Code Section 3301.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, for actual, general, special and compensatory damages in the amount of $600,000, and further demands judgment against the defendants, jointly and severally, for punitive damages in the amount of $100,000, plus the costs of this action, including attorney's fees, and such other relief as may be deemed just and proper.

## PLAINTIFF'S REQUEST FOR RELIEF

Plaintiff requests that this Honorable Court grant the following relief:

1. Issue total judgment against all Defendants, jointly and severally, for actual, general, special and compensatory damages in the amount of Six Million Dollars ($6,000,000).

2. Issue judgment against Defendants Sloan, Ramadhan and John Doe, jointly and severally, for punitive damages in the amount of One Hundred Thousand Dollars ($100,000) on each applicable count of the complaint, plus the costs of this action, including attorney's fees.

3. Issue a Declaratory Judgment, which finds that the Defendant's violated Plaintiff's Constitutional rights under the Fourth, Eighth, Fifth and Fourteenth Amendments when they: (a) entered Plaintiff's premises without a valid warrant; (b) arrested Plaintiff without probable cause; (c) seized Plaintiff's U.S. Currency, in the amount of $3,894.00, which was the property of Plaintiff's legitimate business operation; (d) detained Plaintiff unlawfully; and (e) searched Plaintiff's residence illegally.

4. Issue an Injunction, ordering: (a) that the Defendants return the $3894.00 in U.S. Currency seized from Plaintiff at the time of his arrest; (b) that all personal property and documents seized from Plaintiff at the time of his arrest be returned; and (c) that the Defendants refrain from harassing Plaintiff and his family.

5. Issue an Order, directing that an investigation be made by the appropriate federal and local authorities into the facts alleged in this Complaint, with the results of said investigation to be provided to Plaintiff.

6. Grant such other relief as this Honorable court may deem just and proper.

Respectfully submitted,

John Barnhardt, Plaintiff Pro Se
4709 Bass Place, S.E.
Washington, D.C. 20019