UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN BARNHARDT, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 07-624 (JDB) |
| DISTRICT OF COLUMBIA, *et al.* | ) |
| Defendants. | ) |

**DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE,
FOR SUMMARY JUDGMENT**

Defendants District of Columbia ("the District"), Mayor Adrian Fenty, Chief of Police Kathy Lanier, Sergeant Curt Sloan and Detective Allee Ramadhan hereby move, by and through the undersigned counsel, to dismiss plaintiff John Barnhardt's complaint herein pursuant to Fed. R. Civ. P. 12 (b) (6) and R. 56. A Memorandum of Points and Authorities and Exhibit are attached hereto and incorporated herein. A proposed Order is also enclosed.

As stated more fully in the accompanying Memorandum:

A. Plaintiff fails to state a municipality claim under 42 U.S.C. § 1983;

B. Plaintiff has failed to provide proper notice of claims pursuant to D.C. Code § 12-309;

C. Plaintiff has failed to file claims within the applicable statute of limitations;

D. Defendants are entitled to dismissals of the lawsuit against them in their official capacity;

E. Defendants are entitled to dismissals of the lawsuit against them in their individual capacity.

Since this is a dispositive motion, defendants were not required to obtain the consent of plaintiffs to the filing of this motion or the relief requested herein.

WHEREFORE, defendants request that judgment be entered in their favor and the subject complaint be dismissed.

Date:  October 30, 2007

Respectfully submitted,

LINDA SINGER
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

/s/Kimberly Matthews Johnson
KIMBERLY MATTHEWS JOHNSON, #435163
Chief, General Litigation Sec. I

/s/Michelle Davy
MICHELLE DAVY, #454524
Assistant Attorney General
Sixth Floor South
441 4th Street, N.W.
Washington, D.C. 20001
(202) 724-6608; (202) 727-3625 (fax)
E-Mail: michelle.davy@dc.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY this 30th day of October, 2007, that a copy of the foregoing Defendants District of Columbia, Mayor Adrian Fenty, Chief of Police Kathy Lanier, Sergeant Curt Sloan and Detective Allee Ramadhan's Motion to Dismiss, or in the Alternative, for Summary Judgment was delivered by first class mail postage prepaid or ECF, to:

Paul D. Hunt
4614 Wissahican Avenue
Rockville, MD  20853

/s/Michelle Davy

Michelle Davy
Assistant Attorney General

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JOHN BARNHARDT, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 07-624 (JDB) |
| DISTRICT OF COLUMBIA, *et al.* | ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

This Court should dismiss plaintiff's complaint against defendants District of Columbia ("the District"), Mayor Adrian Fenty, Chief of Police Kathy Lanier, Sergeant Curt Sloan and Detective Allee Ramadhan because:

A. Plaintiff fails to state a municipality claim under 42 U.S.C. § 1983;

B. Plaintiff has failed to provide proper notice of claims pursuant to D.C. Code § 12-309;

C. Plaintiff has failed to file claims within the applicable statute of limitations;

D. Defendants are entitled to dismissals of the lawsuit against them in their official capacity;

E. Defendants are entitled to dismissals of the lawsuit against them in their individual capacity.

Accordingly, judgment should be entered in favor of defendants and the complaint dismissed.

## I. FACTUAL BACKGROUND

On or about February 13, 2004, plaintiff contends that Sergeant Curt Sloan and Detective Allee Ramadhan conspired to unlawfully enter and did enter his property and arrest him, planting drugs in his car. Complaint at ¶¶ 15 and 16.

Plaintiff alleges that, as a result of these actions, he was unlawfully discriminated against on the basis of race (complaint at ¶¶ 38 and 39), arrested, strip searched (complaint at ¶¶ 36 and 37), and detained in jail from February 13 to September 2, 2004 (complaint at ¶ 24), the Mayor, Chief of Police and District failed to prevent these actions (complaint at ¶¶ 32-35), and "defendants Ramsey and the District of Columbia knowingly, or negligently failed to instruct, supervise, control and discipline the defendant police officers in the performance of their duties. This lack of oversight led to the environment in which the defendants were permitted to conspire to falsely arrest plaintiff for their personal motives (complaint at ¶ 34)."

Plaintiff brought the instant action against the defendants on April 3, 2007. Docket Entry No. 1. He amended his complaint on August 27, 2007. Docket Entry No. 8. Plaintiffs seeks: compensatory damages of $6 million, punitive damages of $1.1 million, a declaratory judgment that defendants "violated plaintiff's constitutional rights under the Fourth, Eighth, Fifth and Fourteenth Amendments," an injunction order the return of $3894.00 allegedly seized at the time of the arrest and that defendants "refrain from harassing plaintiff and his family," an order "directing that an investigation be made…into facts alleged in this complaint," attorney's fees, costs.

## II. STANDARD OF REVIEW

### A. Motions to Dismiss.

A motion to dismiss for failure to state a claim upon which relief can be granted is appropriate where claims are not stated adequately, or are not supported by a showing of a set of facts consistent with the allegations in the complaint. *Bell Atlantic v. Twombly*, 127 S.Ct. 1955 (2007)("…once a claim has been stated adequately, it may be support by showing any set of facts consistent with the allegations in the complaint").

Under Rule 12(b)(6), all allegations in the complaint must be taken as true and construed in the light most favorable to the plaintiff. *Atkins v. Industrial Telecommunications Assn.*, 660 A.2d 885, 887 (1995). *Bell Atlantic v. Twombly, supra*, is illuminating on what the U.S. Supreme Court has recently said plaintiffs must plead in order to state a claim:

Factual allegations must be enough to raise a right to relief above the speculative level…. "[t]he pleading must contain something more…than…a statement of facts that merely creates a suspicion [of] a legal cognizable right of action (citations omitted)…." *Id*. at 1964.

Rule 8(a) "contemplates the statement of circumstances, occurrences, and events in support of the claim presented" and does not authorize a pleader's "bare averment that he wants relief and is entitled to it (citations omitted)." *Id*. at 1965, n. 3.

"So, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should…be exposed at the point of minimum expenditure of time and money by the parties and the court (citations omitted).'" *Id*. at 1966.

"[I]n practice, a complaint…must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory (citations omitted)." *Id*. at 1969.

"[O]nce a claim has been stated adequately, it may be support by showing any set of facts consistent with the allegations in the complaint (citations omitted)." *Id*.

### B.  Motions for Summary Judgment.

Alternatively, Fed. R. Civ. P. 12 (b) provides that "[i]f, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Summary judgment should be granted if "there is no genuine issue as to any material fact and…the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. R. 56 (c).  "A moving party is entitled to judgment as a matter of law "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *I.J.G., Inc. v. Penn-America Ins. Co.*, 803 A.2d 430 (2002), quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Although the party moving for summary judgment has the burden of demonstrating the absence of any material facts and the right to judgment as a matter of law, the movant is not obligated to present supporting evidence. *Furguson v. District of Columbia*, 629 A.2d 15, 19 (D.C. 1993).  Instead the moving party need only assert that there is a lack of necessary evidence to support plaintiff's case.  At that point, the burden shifts to the non-moving party to show the existence of a genuine issue of material fact.  *Id.*; *Beard v. Area Transit Authority*, 631 A.2d 387, 390 (D.C. 1993).  Theoretical speculations, unsupported assumptions, and conclusory allegations do not rise to the level of a genuine issue of fact.  *Id.*

Because, even making all reasonable inferences in the plaintiff's favor, the plaintiff cannot state a recoverable claim against the District, it is entitled to judgment as a matter of law and the complaint should be dismissed, or in the alternative, summary judgment should be

granted in its favor. Applying either standard, this Court should grant defendants' Motion to Dismiss or, in the alternative, grant defendants summary judgment.

### III. ARGUMENT

**A. Plaintiff Fails to State a Municipality Claim Under 42 U.S.C. § 1983.**

The District of Columbia asserts that the plaintiff has failed to state a claim of municipal liability under 42 U.S.C. § 1983 ("§ 1983"). A municipality may be liable for damages under § 1983 only if it is shown that the municipality was the "moving force" behind the constitutional violation by way of an unconstitutional policy, practice, or custom promulgated or sanctioned by the municipality. *Carter v. District of Columbia*, 254 U.S. App. D.C. 71, 795 F.2d 116, 122 (D.C. Cir. 1986) (quoting *Monell v. Dep't of Social Services of the City of New York*, 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978)); accord *Daskalea v. District of Columbia*, 343 U.S. App. D.C. 261, 227 F.3d 433, 441 (D.C. Cir. 2000); *Triplett v. District of Columbia*, 323 U.S. App. D.C. 421, 108 F.3d 1450, 1453 (1997); *Amons v. District of Columbia*, 231 F. Supp.2d 109, 113-15 (D.D.C. 2002). *Washington v. District of Columbia*, 2006 U.S. Dist. LEXIS 23290, 2-3 (D.D.C. 2006).

Here, plaintiff charges that "defendants Ramsey and the District of Columbia knowingly, or negligently failed to instruct, supervise, control and discipline the defendant police officers in the performance of their duties. This lack of oversight led to the environment in which the defendants were permitted to conspire to falsely arrest plaintiff for their personal motives." Complaint at ¶ 34. Such facts could amount to a municipality claim under § 1983. "The failure to train, supervise or discipline city employees can constitute such a policy or custom [violative of § 1983] if it amounts to "' deliberate indifference' towards the constitutional rights of persons in its domain." *Daskalea v. Dist. of Columbi*a, 343 U.S. App. D.C. 261, 227 F.3d 433, 441 (D.

5

C. Cir. 2000) (quoting *City of Canton v. Harris*, 489 U.S. 378, 388-89, 103 L. Ed. 2d 412, 109 S. Ct. 1197 & n. 7, 489 U.S. 378, 103 L. Ed. 2d 412, 109 S. Ct. 1197 (1989)); *see also Carter v. Dist. of Columbia*, 254 U.S. App. D.C. 71, 795 F.2d 116, 122 (D. C. Cir. 1996) (a municipality's failure to adequately train, supervise, investigate, and discipline police officers can give rise to municipal liability if that failure represents city policy and reflects deliberate indifference). *Byrd v. District of Columbia*, 297 F. Supp. 2d 136, 139 (D.D.C. 2003).

However, "[d]eliberate indifference is determined objectively, "by analyzing whether the municipality knew or should have known of the risk of constitutional violations," and yet failed to respond as necessary. *Baker v. Dist. of Columbia*, 356 U.S. App. D.C. 47, 326 F.3d 1302, 1307 (D. C. Cir. 2003). To prevail, plaintiff must show more than simple or even heightened negligence; the District's indifference must be conscious, or at least reckless. *See Canton*, 489 U.S. at 389." *Byrd, supra.*

In this instance, plaintiff seems to allege that, generally, the District has a policy of failing to "instruct, supervise, control and discipline" its officers "in the performance of their duties." Such statements are evidently vague and unsupported. Naturally, the Metropolitan Police Department has comprehensive and detailed policies and procedures to instruct, supervise, control and discipline its officers in the performance of their duties. Plaintiff fails to provide any factual support for this proposition. Thus, under *Bell v. Twombly, supra*, plaintiff fails to state a claim in this regard and the complaint should be dismissed.

**B. Plaintiff Has Failed to Provide Proper Notice of Claims Pursuant to D.C. Code § 12-309.**

6

As to his claims set forth under Counts 7, 8, 9, 10 and 11, complaint, plaintiff has failed to satisfy the mandatory notification requirements of D.C. Code § 12-309 (2005) in regard to his claims against the District:

> **An action may not be maintained against the District of Columbia for unliquidated damages to person or property unless, within six months after the injury or damage was sustained, the claimant, his agent, or attorney has given notice in writing to the Mayor of the District of Columbia of the approximate time, place, cause, and circumstances of the injury or damage.**

D.C. Code § 12-309 (2005 ed.).

As indicated by a long line of cases, § 12-309 is to be strictly construed. *Pitts v. District of Columbia*, 391 A.2d 803, 807 (D.C. 1978); *Toomey v. District of Columbia*, 315 A.2d 565, 566 n.1 (D.C. 1974); *District of Columbia v. World Fire & Marine Ins. Co.*, 68 A.2d 222, 225 (D.C. 1949); *Boone v. District of Columbia*, 294 F. Supp. 1156, 1157 (D.D.C. 1968). "[C]ompliance with the statutory notice requirement is mandatory," and is a "condition precedent to filing a suit against the District." *Hill v. District of Columbia*, 345 A.2d 867, 869 (D.C. 1975); *Gwinn v. District of Columbia*, 434 A.2d 1376 (D.C. 1981).

In order for notice to comport with D.C. Code § 12-309, four items of information must be provided. The District must be apprised of "the approximate time, place, cause and circumstances of the injury or damage." *Allee v. District of Columbia*, 533 A.2d 1259, 1261-62 (D.C. 1987).

Nonetheless, D.C. Code § 12-302 provides that

> **…when a person entitled to maintain an action is, at the time the right of action accrues:**
> **…(3) imprisoned—**
> **he or his proper representative may bring action within the time limited after the disability is removed.**

7

Accordingly, the operation of § 12-302 tolled the running of the six month period under § 12-309 from February 13, 2004, when the action accrued (complaint at ¶ 13), until plaintiff's release on September 2, 2004 (complaint at ¶ 24). *Anderson v. D.C. Metro. Police Dep't*, 2006 U.S. Dist. LEXIS 14342 (D.D.C. 2006).

Plaintiff's release from jail on September 2, 2004 removed his disability and commenced the running of the six month period under § 12-309. *Murray v. District of Columbia*, 826 F. Supp. 4 (D.D.C. 1993). Thus, the six month period under § 12-309 began to run on September 3, 2004 and ran out on March 4, 2005.

It was not until March 5, 2007, however, that the District received a certified letter from plaintiff dated February 18, 2007, purporting to be a § 12-309 notice for the events of February 13, 2004. Exh. 1.

Plaintiff's March 5, 2007 letter indicated that plaintiff was at that time again incarcerated "on a separate, unrelated, matter." *Id*.

However, since the instant cause of action had already accrued on February 13, 2004, plaintiff's release from jail on September 2, 2004 commenced the running of the six month period under § 12-309 (*Murray, supra*), and plaintiff's subsequent re-incarceration at the time he attempted to provide § 12-309 notice in the instant matter was unrelated to the events of February 13, 2004 (Exh. 1), it follows that the six month § 12-309 period applicable to the instant action was not again tolled during the period of plaintiff's subsequent and unrelated incarceration. *Anderson*, *supra*.

D.C. Code § 12-309, *supra*, requires that written notice be given "within six months after the injury or damage was sustained," or in this regard within six months of plaintiff's release from his incarceration at the time that the cause of action accrued. In this instance, notice was

8

not attempted until two years after the applicable § 12-309 six month period ended. Thus, plaintiff has failed to perfect his claims set forth under Counts 7, 8, 9, 10 and 11. Judgment on those Counts should, therefore, be entered in favor of defendants and as to them the complaint dismissed.

**C. Plaintiff Has Failed to File Claims Within the Applicable Statute of Limitations.**

As to his claims set forth under Counts 7, 8, 9, 10 and 11, complaint, plaintiff has failed to file suit within the applicable statute of limitations. In relevant part, D.C. Code § 12-301 provides:

> **Except as otherwise specifically provided by law, actions for the following purposes may not be brought after the expiration of the period specified below from the time the right to maintain the action accrues:**
> **…(4) for libel, slander, assault, battery, mayhem, wounding, malicious prosecution, false arrest or false imprisonment – 1 year….**

Defendants incorporate herein by reference their arguments set forth at section A. above regarding the operation of § 12-302 and applicable case law. As set forth above, Plaintiff was incarcerated at the time that this action accrued on February 13, 2004. The applicable statute of limitations was tolled, therefore, until that disability was removed on September 2, 2004, when plaintiff was released. Accordingly, the limitations period under § 12-301 began to run on September 3, 2004 and ran out on September 4, 2005. This matter was filed on April 3, 2007, well beyond the one year limitations period set forth in § 12-301 (4) for intentional torts. Accordingly, the claims set forth under Counts 7, 8, 9, 10 and 11, complaint, are time barred. Judgment on those Counts should, therefore, be entered in favor of defendants and as to them the complaint dismissed.

**D. Defendants Are Entitled to Dismissals of the Lawsuit Against Them in Their Official Capacity.**

A suit against an employee of the District of Columbia in his official capacity must be treated as a suit against the District of Columbia. Specifically, "[a] [§ 1983] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will v. Michigan Dept . of State Police*, 491 U.S. 58, 71 (1989) (*citing Brandon v. Holt*, 468 U.S. 464 (1985)); *see e.g. Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (§ 1983 action against government official in official capacity is simply "another way of pleading an action against an entity of which an officer is an agent."). "Insofar as plaintiff sues defendant Williams in his official capacity, the suit is treated as if it were a suit against the District of Columbia itself. *Kentucky v. Graham*, *supra*; *see also Atchinson v. District of Columbia*, 315 U.S. App. D.C. 318, 73 F.3d 418, 424 (D.C. Cir. 1996). *Johnson v. Williams*, 2006 U.S. Dist. LEXIS 68966, 2-3 (D.D.C. 2006).

In fact, a § 1983 claim is properly brought against an official only in his individual capacity, the plaintiff must allege that the defendant was personally and directly involved in the wrongful acts. *Washington v. District of Columbia*, 2006 U.S. Dist. LEXIS 23290 (D.D.C. 2006)

With the departure of Mayor Williams and Chief Ramsey, plaintiff never amended his complaint to name their successors Mayor Fenty and Chief Lanier. Nonetheless, for the reasons stated, plaintiff cannot recover against defendants in their official capacity as a matter of law, and in that regard the complaint must be dismissed.

**E. Defendants Are Entitled to Dismissals of The Lawsuit Against Them in Their Individual Capacity.**

**1. Personal Service Was Not Effected on the Individuals as Required.**

Plaintiff attempted service on named defendants District, Mayor Williams, Sergeant Sloan, Detective Ramadhan, and Chief Ramsey. Docket Entry No. 5 and 6. In order to maintain the suit against Mayor Williams, Sergeant Sloan, Detective Ramadhan and Chief Ramsey in their individual capacities, each was entitled to be personally served with the summons and complaint. Service on a federal government employee in his individual capacity requires personal service. *Johnson v. Williams*, 2006 U.S. Dist. LEXIS 68966 (D.D.C. 2006).

Review of the summonses and Returns of Service indicates that none of the individuals was personally served in their individual capacity. Service upon Mayor Williams and Chief Ramsey was accepted by staff. Docket Entry No. 5. The summons for Sergeant Sloan states that service was being attempted in his individual capacity. However, while the Return of Service was signed, it was not marked to confirm that personal service was effected. *Id*. The summons for Detective Ramadhan indicates that service was being attempted in his official capacity only. Thus, individual service was ineffectual with regard to each individual defendant. Accordingly, as to each individual, the suit herein should be dismissed.

**2. Neither Mayor Williams nor Police Chief Ramsey was Personally Involved in Plaintiff's Claims as Required.**

It is well settled that public officials cannot be held vicariously liable for the alleged misconduct of their subordinates under Section 1983. *Monell v. New York City Dep't of Social Services*, 436 U.S. 658, 690, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978); *Reed v. District of Columbia*, 474 F. Supp. 2d 163 (D.D.C. 2007). Instead, plaintiffs seeking to make a claim against a public official under Section 1983 must demonstrate that the official personally deprived the plaintiff of his Constitutional rights. *Id*.

11

Here, plaintiff has never individually served Mayor Williams nor Chief Ramsey as required, and has failed to allege any specific act on the part of either man that resulted in plaintiff's alleged constitutional injury. *Harris v. Ramsey*, 496 F. Supp. 2d 64, 67 (D.D.C. 2007) Accordingly, plaintiff's claims in this regard must be dismissed.

### F.  Conclusion

In sum,

A. Plaintiff fails to state a municipality claim under 42 U.S.C. § 1983;

B. Plaintiff has failed to provide proper notice of claims pursuant to D.C. Code § 12-309;

C. Plaintiff has failed to file claims within the applicable statute of limitations;

D. Defendants are entitled to dismissals of the lawsuit against them in their official capacity;

E. Defendants are entitled to dismissals of the lawsuit against them in their individual capacity.

WHEREFORE, defendants request that judgment be entered in their favor and the subject complaint be dismissed.

Date:  October 24, 2007              Respectfully submitted,

LINDA SINGER
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

/s/Kimberly Matthews Johnson
KIMBERLY MATTHEWS JOHNSON, #435163
Chief, General Litigation Sec. I

/s/Michelle Davy
MICHELLE DAVY, #454524
Assistant Attorney General
Sixth Floor South
441 4th Street, N.W.

12

       Washington, D.C. 20001
       (202) 724-6608
       (202) 727-3625 (fax)
       E-Mail: michelle.davy@dc.gov

## **CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY this 30th day of October, 2007, that a copy of the foregoing Memorandum of Points and Authorities in Support of Defendants District of Columbia, Mayor Adrian Fenty, Chief of Police Kathy Lanier, Sergeant Curt Sloan and Detective Allee Ramadhan's Motion to Dismiss, or in the Alternative, for Summary Judgment was delivered by first class mail postage prepaid or ECF, to:

      Paul D. Hunt
      4614 Wissahican Avenue
      Rockville, MD  20853

      /s/Michelle Davy
      Michelle Davy
      Assistant Attorney General

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN BARNHARDT,                    ) | |
|                                    ) | |
| Plaintiff,                         ) | |
|                                    ) | |
| v.                                 ) | Civil Action No. 07-624 (JDB) |
|                                    ) | |
| DISTRICT OF COLUMBIA, *et al.*     ) | |
|                                    ) | |
| Defendants.                        ) | |

### ORDER

Upon consideration of defendants District of Columbia, Mayor Adrian Fenty, Chief of Police Kathy Lanier, Sergeant Curt Sloan and Detective Allee Ramadhan's Motion to Dismiss or, in the Alternative, for Summary Judgment, supporting Memorandum of Points and Authorities, Exhibits, any opposition, and the entire record herein, it is by the Court this _____ day of _____, 2007, hereby **ORDERED**

that Defendants District of Columbia, Mayor Adrian Fenty, Chief of Police Kathy Lanier, Sergeant Curt Sloan and Detective Allee Ramadhan's Motion to Dismiss or, in the Alternative, for Summary Judgment be, and hereby is **GRANTED**; and it is hereby **ORDERED**

that the Plaintiff's Complaint be, and hereby is **DISMISSED**.

**SO ORDERED**.

_____
JUDGE JOHN D. BATES

cc:
Michelle Davy, Esq.
Office of the Attorney General for the District of Columbia
Sixth Floor South
441 4th Street, N.W.
Washington, D.C. 20001

Paul D. Hunt
4614 Wissahican Avenue
Rockville, MD  20853

JOHN BARNHARDT
REG. NO. 02392 – 000
FEDERAL CORRECTIONAL INSTITUTION-MORGANTOWN
P.O. BOX 1000
MORGANTOWN, WV 26507-1000

February 18, 2007

Office of the Mayor,
The Hon. Adrian Fenty
The John A. Wilson Blvd.
1350 Pennsylvania Avenue, N.W.
Washington, D.C. 20004

CERTIFIED LETTER

Re: Notice of Intent to Bring Civil Claims
For the Return of Money Seized,
Torts, and Civil Rights Violations

Dear Mayor:

Please be advised that, per this certified letter, and pursuant to D.C. Code Sections 12-309 and 12-302(a)(3), I hereby give notice that I intend to pursue claims against the District of Columbia, certain members of the Metropolitan Police Department, former Chief Charles Ramsey, and former Mayor Anthony Williams.

Specifically, I would respectfully submit the following facts regarding my claims:

1. On February 13, 2004, I was accosted, and assaulted by two (2) Metropolitan Police officers, Sgt. Curt Sloan and Detective Allee Ramadhan, while outside my home at 4709 Bass Place, S.E., Washington, D.C. 20019.

2. The officers arrived at my home under the pretense of serving me with a Grand Jury subpoena to appear as a witness in a case involving my brother, Thomas Barnhardt, in U.S. District Court for the District of Columbia.

3. After being confronted by the officers in front of my home, the situation escalated to a point where the following acts occurred:

    (a) The officers, after declining to serve me in front of my home, followed me onto my property, without a warrant.
    (b) I was grabbed, assaulted and thrown onto my vehicle;
    (c) I was subjected to a warrantless search of my person, and both my vehicle and a vehicle belonging to my sister, Rosita, were searched by the above-named officers.
    (d) These officers "planted" narcotics in a black bag onto the bed of my truck.
    (e) I was arrested on these false charges and later charged with federal drug charges based on this planted evidence, in Criminal No. 04-132 (PLF).

MAR 0 5 2007

OFFICE OF RISK MANAGEMENT

(f) I was strip-searched twice: once at the scene, and later at the MPD Narcotics Unit Headquarters downtown.

(g) As a result, I was jailed without bond on these charges until the case was dismissed, <u>on the Government's motion</u>, on September 4, 2004. For that period of time, I faced the prospect of a potential sentence of life imprisonment on those false charges, causing me, personally, as well as my family, tremendous anguish.

I intend to file claims in this matter alleging the malicious and intentional false arrest by Officers Sloan and Ramadhan on February 13th. I intend to show that this false arrest was part of a conspiracy and pattern of harassment of me, and other members of my family, based on the belief among members of the MPD Narcotics Unit that my brother, Thomas, was involved in narcotics activity.

It is my intent to file action against the above-named parties for:

(a) The return of $3894.00 in U.S. currency, and other property, seized from me at the time of my arrest.
(b) Damages for Assault, False Arrest, Intentional Infliction of Emotional Distress, Malicious Prosecution, Unlawful Entry, and various violations of 42 U.S.C. 1981 and 42 U.S.C. 1983.

Although the charges at issue here were dismissed, I am currently incarcerated on a separate, unrelated, matter. I intend to rely on 12 D.C. Code 12-302 in filing notice at this time.

Respectfully submitted,

John Barnhardt
Reg. No. 02392-000
FCI-Morgantown
P.O. Box 1000
Morgantown, WV 26507-1000