UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| John Barnhardt | * | |
| | * | Civil Action No.07-624 (JDB) |
| | * | |
| Vs. | * | |
| | * | |
| | * | |
| District of Columbia, et al. | * | |
| | * | |

### Memorandum of Points and Authorities in Opposition to Defendant's Motion To Dismiss, or in the Alternative, For Summary Judgment

Plaintiff Barnhardt opposes defendant's motion in the above captioned based on the following:

Plaintiff's amended complaint on page one recites an eleven count complaint against the defendants in this case. In sum, the defendant's argue as follows:

1) That the federal claims against the municipality in this case are "vague and unsupported" and that the "plaintiff fails to provide any factual support for his claim." Defense motion at page 6.

2) That the state law claims against the defendants in counts 7 through 11 of the complaint are barred both by the notice requirements set forth in D.C. Code 12-302 et. seq. and also the applicable statute of limitations for each of these respective counts.

3) That the claims against the individual defendants sued in either there individual or official capacities should all be dismissed because:

    a. The mayor and the police chief were not personally or directly involved and were also not properly served.

    b. The individual officer defendants Sloan and Ramadhan were not properly served.

### Argument

The defendant's arguments concerning the federal claims against the individual officers as well as the municipality District of Columbia in this case fail. The case should proceed on the federal claims in this matter against these parties.

First, any problems raised by the defendants with regard to D.C. Code Section 12-302 et. seq. do not have effect on the federal claims. Brown v. United States, 743 F.2d 1498 (1984). At this stage, the standard under Rule 12(b) (6) requires that the complaint must be taken as true and construed in the light most favorable to the plaintiff. Atkins vs. Industrial Telecommunications Assn., 660 A.2d 885, 887 (1995). Defendant cites the recent case of Bell Atlantic vs. Twombly, 127 S. Ct. 1955 (2007) for the proposition that "…once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." The defense motion on page three makes continuing reference to the Twombly case and this general principle and the reasons behind it.

Plaintiff responds as follows. First, the allegations in the complaint are direct by the plaintiff in a number of respects. On pages two and three, Plaintiff Barnhardt lays out factual claims in paragraphs 14 through 18 that indicate officers Sloan and Ramadhan had "thrown a bag", "attacked him", and "forced plaintiff's hand onto the surface of the black bag" and that he had no "connection" to the bag. The complaint goes on to say that

the plaintiff was arrested and charged in U.S. District Court for the District of Columbia in case 04cr132 (PLF) with a serious drug offense. The plaintiff was incarcerated for a significant period of time as a result. Importantly, with regard to the claims against the municipality, the complaint in paragraph 19 goes on to state the fact that a suppression motion in the case was granted and the case dismissed by Judge Friedman. This ruling is a matter of public record with regards to the criminal matter cited above. It states, that the officers in this case, violated the constitutional rights of the plaintiff in this case by searching the bag without proper justification.

In this case, the plaintiff complains that much more than an improper search based on lack of constitutional justification has occurred. His complaint states direct facts concerning events that go beyond this level and makes a claim for evidence tampering leading to an unconstitutional arrest. Under Atkins, it would seem this should be taken as true at this stage with all inferences to the plaintiff leading to a conclusion that the facts properly support the complaint under Twombly.

The defendant goes on to cite Fed. R. Civ. P. 12(b)2 as supporting summary judgment in this case at page 4 of their brief. The plaintiff would submit this is entirely inappropriate for this case at this early stage without some discovery and additional opportunity to provide material made pertinent to such a motion by Rule 56. The case involves a number of eye witnesses who saw the events. The allegations are not theoretical, unsupported assumptions. A federal court has already concluded that the officers committed constitutional violations against the plaintiff in this case which resulted in his incarceration for a significant period. Thus, the claim that the municipality failed to instruct, supervise, control, and discipline these police officers in performance of

their duties should be allowed to go forward at this early stage of the case. The plaintiff has made much more than a bare averment that he wants relief in this case. Twombly, at 1965, n.3. The complaint and surrounding facts support an inferential claim that the District's actions amounted to a "deliberate indifference" towards the constitutional rights of Mr. Barnhardt and were a "moving force" behind the constitutional violations which occurred regarding supervision and training of the officers. Id., at 1969; See also Daskalea vs. District of Columbia, 227 F.3d 433 (D.C. Cir. 2000). Thus, the motions to dismiss the federal claims against the municipality in this case, or in the alternative for summary judgment, should be denied.

The plaintiff disputes the claims raised by the defendants in regards to D.C. Code Sec. 12-302 et seq. Plaintiff agrees with the defense position that plaintiff's release from jail on 9/22/04 commenced the running of the 6 month period under Section 12-309. However, what is left out is that the plaintiff filed a police report via telephone on 8/23/04. Attachment #1. The report advised the District of Columbia of the time, place and of the officers involved. Further, Mr. Barnhardt included more details of the events to the officer taking the report than are included in the report and the plaintiff denies that "his wife" was going to call with more details. He notes that he is not married. Police reports are sufficient for notice under Section 12-309 when they contain information as to time place, cause and circumstance with "at least some degree of specificity" required of written notice. Doe by Fein v. District of Columbia, 93 F.3d 861 (C.A.D.C. 1986). When there is no police report or, for that matter, any reason to believe a report existed, the result is a failure of the police report alternative to satisfy the Section 12-309 requirement. Hunter v. District of Columbia, 943 F.2d 69 (C.A.D.C. 1991). In this case,

the notice was timely and sufficiently specific on its face to satisfy the notice requirement. It includes time and date of the events, that he was arrested, and identifies the officers by name and lays out additional details. It strains credulity to suggest that this report does not inferentially touch upon a complaint for improper arrest even when based on the four corners of the document. Again, the plaintiff would note that he expressly provided even more detail in the police report and did not state that his wife would call with more details.

In addition, the plaintiff had a licensed investigator bring a filled out complaint form to the Citizen Complaint Review Board ("CCRB") to put the District of Columbia on notice in more detail concerning the events which are the subject of this case on 8/24/07. Attachment #2. This report was brought to CCRB one day after the telephone report. The plaintiff recently located a copy of the report but is currently out of town and could not supply a copy to counsel prior to this filing. Plaintiff Barnhardt would ask for leave to supplement the record in this case by filing his copy of the complaint form by 12/11/07. CCRB has supplied no record of the 8/24/07 report at this time in response to a subpoena request but did provide a copy of the telephone report taken by the officer on 8/23/07.

In sum, the plaintiff would argue that the police report in attachment #1 is sufficient to meet the notice requirements under the law of the District of Columbia as discussed. If the court is not satisfied with this as his predicate of notice, the defense would request an evidentiary hearing on the issues surrounding the notice based on the dispute of the contents of the report and the unavailability, for whatever reason, of the

complaint he delivered through the licensed investigator given that the plaintiff has a copy and the investigator has sworn under oath he delivered it.

The plaintiff would agree that causes of action were brought after the running of the statute of limitations for state law, intentional torts in this case identified in D.C. Code Section 12-301. Plaintiff would seek to amend his complaint to seek damages for causes of action such as negligent infliction of emotional distress as well as battery which would be allowable state claims if the amendments were to relate back to the time of the filing of this complaint. Counsel would note this was a pro se plaintiff until August 2007.

As to individual defendants, plaintiff agrees to dismiss cases against the mayor and police chief past and present in all capacities.

Plaintiff would submit that cases against the individual officers Sloan and Ramadhan should not be dismisses for improper service. As to Officer Ramadhan, the defense notes that on the Summons "officially" is written next to his name to argue he was not served in an individual capacity. Neither the plaintiff nor the server wrote in "officially" on the summons as to Officer Ramadhan in this case. The complaint is clear in that is names Ramadhan in both his official and individual capacity. The plaintiff would argue that the marking on the summons occurred at a later time and does not bear on whether he was served individually when the complaint indicates he is being sued in such a capacity and he was served with it.

Plaintiff notes the argument as to service on Officer Sloan relates to the fact that the box indicating service was not checked. This is a technical oversight by the process server and the document was timely filed and otherwise completed. The plaintiff would

argue this is not a set of facts which should result in dismissal of these claims and can make the process server available for any inquiry.

Thus, the plaintiff would ask that the court:

1) Deny any dismissal of the federal constitutional claims against the municipality at this stage of the case.

2) Deny any dismissal of state claims based on failure to put the District of Columbia under proper notice under D.C. Code Section 12-302 et. seq. while allowing the former pro se plaintiff to amend his complaint to include state law claims that would not be time barred when allowed to relate back to the original filing of this complaint.

3) Deny the motion to dismiss against the individual officers in either their official or individual capacities.

Respectfully Submitted

/s/ Paul D. Hunt
Paul D. Hunt
Attorney for Mr. Barnhardt
4614 Wissahican Ave.
Rockville, MD 20853
Fed. Bar #447182
Phone: 301-565-0540

## CERTIFICATE OF SERVICE

Counsel for the defendant Paul D. Hunt hereby certifies that copy of the foregoing pleading was filed electronically and served on the defendant in this case on 12/6/07 as represented by Ms. Davy.

*[signature]*

/s/ Paul D. Hunt
Paul D. Hunt

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| John Barnhardt | * |
| | *   Civil Action No.07-624 (JDB) |
| | * |
| Vs. | * |
| | * |
| | * |
| District of Columbia, et al. | * |
| | * |

## ORDER

For the reasons contained in the Opposition to the Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment and any other that this Court has considered, it is hereby;

ORDERED

1) That the Motion to Dismiss, or in the Alternative, for Summary Judgment against the District of Columbia and Officers Ramadhan and Sloan in their official and individual capacities on all federal claims is DENIED.
2) That the plaintiff has ____ days to amend his complaint to include any state claims against these defendants that are not time barred when related back to the filing date of the original complaint in this case.

_____
United States District Judge

04-CON-0234   CONTACT
COPY           8/23/04
               ADP Attachment #1
               * Encarcerated

OCCR Case Tracking/Management Program

Complainant information:

| Last Name: John | First Name: Barnheardt | Middle Name: |
|---|---|---|
| DOB: 12/11/66 | Age: 37 | Sex: M |
| National Origin/Race: | | |
| Home Address: | | |
| Street: | City: | State: |
| Zip: | Home Phone: | |
| Alternate Phone: | | |
| Work Address: | | |
| Company Name: | | |
| Street: | City: | State: |
| Zip: | Phone Number: | |
| Drivers License Number: | | State: |

Officer Information (subject and witness)

| Last Name: Allen Randam | First Name: Sgl. Soloan |
|---|---|
| Rank: | Badge Number: |
| DOB: | Age: |
| Sex: | Race: |
| SSN: | |
| District: | PSA: |
| Hire Date: | Phone No: |

Incident Information:

| Date of Incident: 2/2004 | Time of Incident: ? |
|---|---|
| Location of Incident (address): | |
| Ward: | |
| Complainant arrested: (Y) N | Charge(s): |
| Report Number: | |
| Witnesses (name, phone no., address): | |

202 583-2280
→ M$o Barnheardt

* Currently in Jail.

**Summary of complaint:**

Mr. Barnheard told Del Pinal that his wife would call to make the complaint.

Mr. Barnheard did not explain the nature of his complaint because he was calling from Jail.

- His wife did not call.

— Incident occured 2/2004

## AFFIDAVIT OF ADRIAN K. BEAN

Attachment #2

I, Adrian K. Bean, being duly sworn and deposed, do hereby state the following:

1. I am a licensed investigator, who conducts business for clients with matters before the Superior court of the District of Columbia and the U.S. District Court for the District of Columbia.

2. In the Fall of 2003, I had been retained by the Barnhardt Family in connection with certain matters. In early August 2004, the family contacted me and instructed me to: (1) obtain a Citizen Complaint Review Board Complaint Form; and (2) take it over to a family member, Mr. John Barnhardt, who was then housed at the D.C. Jail.

3. On August 11, 2004, I went to visit Mr. Barnhardt at the D.C. Jail, and delivered the Complaint Form to him. I observed Mr. Barnhardt complete and sign the form. He then handed the completed form to me and instructed me to take the form over to the Citizen Complaint Review Board's office at 730 11th Street, N.W., Washington, D.C. Thereafter, on that same date, I left the D.C. Jail and went to the Citizen Complaint Review Board's office, where I handed the form to a receptionist at that location.

I declare under penalty of perjury, under the laws of the District of Columbia and the United States, that the information contained in this Affidavit is true and accurate, to the best of my knowledge, recollection and belief.

_____
ADRIAN K. BEAN

DISTRICT OF COLUMBIA}:

Subscribed and sworn to before me this _12_ day of _October_, 2007.

_____
NOTARY PUBLIC

My commission expires:

APPOLLO CAMERON
NOTARY PUBLIC DISTRICT OF COLUMBIA
My Commission Expires June 14 2010