UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |
|---|---|
| JOHN BARNHARDT, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 07-624 (JDB) |
| DISTRICT OF COLUMBIA, *et al.* | ) |
| Defendants. | ) |

### DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

Defendants District of Columbia, Mayor Adrian Fenty, Chief of Police Kathy Lanier, Sergeant Curt Sloan and Detective Allen Ramadhan hereby reply to plaintiff John Barhardt's Opposition to the Motion to Dismiss, or in the alternative, for Summary Judgment herein. Defendants incorporate by reference herein their Motion.

### ANALYSIS

**1. Plaintiff Fails to State a Municipality Claim.**

Plaintiff's 42 U.S.C. §§ 1981 and 1983 ("§ 1983") municipality claims at Counts 1-6 of the complaint fail as a matter of law.

Plaintiff's specific claims against the District are set forth in para. 34 of the complaint, that "[a]cting under color of law, and pursuant to official policy and custom, Defendants Ramsey[1] and the District of Columbia knowingly, or negligently failed to instruct, supervise,

---

[1] Plaintiff states at p. 6 of his Opposition that he agrees to dismiss any Mayor or Police Chief of the District as defendants in this action, in all capacities.

Furthermore, plaintiff does not address in his Opposition defendants' argument (at p. 10, Defendants' Motion) that

control and discipline the Defendant police officers in the performance of their duties.  Plaintiff further alleges that this lack of oversight led to the environment in which the Defendants were permitted to conspire to falsely arrest Plaintiff for their personal motives." *Id*.

Viewing this particular language, the entire complaint, and plaintiff's Opposition, the 42 U.S.C. §§ 1981 and 1983 ("§ 1983") municipality claims here cannot be maintained.

First, the Court need not accept the evident legal conclusions of para. 34 as factual allegations.

Second, plaintiff does not state any facts anywhere in the complaint to support a municipality claim, and Plaintiff appears to concede this point in his Opposition, stating that "the complaint and surrounding facts support an <u>inferential</u> claim (emphasis added)" that the District has violated Section 1983.  Opposition at p. 4.

Defendants have already pointed out, in their Motion at p. 6, that "[p]laintiff fails to provide any factual support" for his claim that the District failed to "failed to instruct, supervise, control and discipline the Defendant police officers in the performance of their duties."  Thus, the District is entitled to judgment in this regard pursuant to *Stephenson, supra*.

Any inferences that plaintiff seeks to have accepted by the court as true must be supported by facts:

> "The district court must treat the complaint's factual allegations -- including mixed questions of law and fact -- as true and draw all reasonable inferences therefrom in the plaintiff's favor…[t]he court need not, however, accept as true inferences unsupported by facts set out in the complaint or legal conclusions cast as factual allegations (citation omitted). In deciding a 12(b)(6) motion, district courts may typically consider only "the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice." (citation omitted).  *Singh v. S. Asian Soc'y of the George Wash. Univ.*, 2007 U.S. Dist. LEXIS 36620, 7-8 (D.D.C. 2007).

---

suit filed against any defendant in their official capacity is, in actuality, suit against the District of Columbia that cannot be separately maintained.  Accordingly, plaintiffs have conceded that such suit against Officers Sloan and Ramadhan in their official capacities must be dismissed.  *Stephenson, supra*.

*Baker v. District of Columbia*, 356 U.S. App. D.C. 47 (D.C. Cir. 2003), a case previously cited in Defendants' Motion, and where the dismissal of a § 1983 complaint was reversed, sets forth the necessary § 1983 municipality claim pleading requirements:

> "[I]n considering whether a plaintiff has stated a claim for municipal liability, the district court must conduct a two-step inquiry (citation omitted).  First, the court must determine whether the complaint states a claim for a predicate constitutional violation…. Second, if so, then the court must determine whether the complaint states a claim that a custom or policy of the municipality caused the violation (citation omitted)….  There are a number of ways in which a "policy" can be set by a municipality to cause it to be liable under § 1983: the explicit setting of a policy by the government that violates the Constitution, *see Monell*, 436 U.S. at 694-95; the action of a policy maker within the government, *City of St. Louis v. Praprotnik*, 485 U.S. 112, 123-30, 99 L. Ed. 2d 107, 108 S. Ct. 915 (1988); the adoption through a knowing failure to act by a policy maker of actions by his subordinates that are so consistent that they have become "custom," *id.* at 130; or the failure of the government to respond to a need (for example, training of employees) in such a manner as to show "deliberate indifference" to the risk that not addressing the need will result in constitutional violations, *Harris*, 489 U.S. at 390; *Daskalea v. Dist. of Columbia,* 343 U.S. App. D.C. 261, 227; 1307 F.3d 433, 441 (D.C. Cir. 2000).  Deliberate indifference is determined by analyzing whether the municipality knew or should have known of the risk of constitutional violations, an objective standard."

Thus, to state a municipality claim, under *Baker, supra*, plaintiff first had to allege that officials knew or should have known of the alleged failure to instruct, supervise, control and discipline officers Sloan and Ramadhan.  Plaintiff made conclusory statements in this regard at para. 34, but supplied no facts anywhere in the complaint to support his bare averments against the District.  This is inadequate.

Plaintiff next had to allege that officials "recklessly disregarded" the "excessive risk" to the community that the alleged failure to instruct, supervise, control and discipline officers Sloan and Ramadhan posed.  Plaintiff has utterly has failed to make this showing.

Next, plaintiff had to state facts indicating "that a municipal policy was the "moving force" behind the constitutional violation."  In this connection, plaintiff must set forth facts to

indicate "the failure of the government to respond to a need (for example, training of employees)" amounting to "deliberate indifference" to the risk that not addressing the need will result in constitutional violations." Plaintiff again fails to supply the necessary facts.

Plaintiff sets forth no facts to support his claim that the District failed to instruct, supervise, control and discipline Sergeant Sloan and Detective Ramadhan. The Court need not accept these evident legal conclusions as factual in nature. Nor must the Court presume, without a showing anywhere in the complaint, that because an officer allegedly engages in misconduct, this would have to occur as the result of an underlying policy failure attributable to the District of Columbia. That would be the Court's apparent task, if the plaintiff's bare averments are given the necessary credence to survive the 12 (b)(6) challenge at hand. This is insupportable.

Plaintiff's municipality claims cannot, therefore, stand against defendants' properly lodged Motion to Dismiss. The District is entitled to dismissal of Counts 1-6 of the complaint as a matter of law.

## 2. Plaintiff Has Failed to Provide Notice Under D.C. Code § 12-309.

Defendant first withdraws the argument set forth in its motion to dismiss that D.C. Section 12-302 tolled the running of the six-month period under D.C. Code Section 12-309. In fact, the tolling principles applicable to statutes of limitations under section 12-302 do not apply to section 12-309. See *Gross v. District of Columbia*, 734 A.2d 1077 (D.C. 1999).

Plaintiff concedes that his February 18, 2007 letter fails to constitute adequate notice under D.C. Code § 12-309. However, he now submits two documents, one appended to his Opposition and one with his Supplemental Memorandum, to serve as evidence that the required statutory notice to the Mayor was filed, or to constitute the required notice itself.

Under *Allen v. District of Columbia*, 533 A.2d 1259 (D.C. 1987), neither of the initial

two documents appended to plaintiff's Opposition, a notes sheet documenting a telephone conversation plaintiff now says he had with police (plaintiff's Attachment 1, Opposition) and an affidavit of a private investigator (plaintiff's Attachment 2, Opposition) who alleges that he delivered to the police department an August 11, 2004 Citizen Complaint Form that plaintiff now says he completed (plaintiff's Attachment 3, Supplemental Memorandum), may themselves serve as proper notice under § 12-309.

*Allen, supra,* makes clear that in order for notice to comport with D.C. Code § 12-309, four items of information must be provided. The District must be apprised of "the approximate time, place, cause and circumstances of the injury or damage." *Id*. Neither of these documents contains the necessary four elements under *Allen*. Thus, neither may serve as a proper § 12-309 notice.

In *Shaw v. District of Columbia*, 2006 U.S. Dist. LEXIS 26904 (D.D.C. 2006), the court found that a Citizen Complaint Form could suffice as a § 12-309 notice.

At issue is this case, however, is whether plaintiff's Attachment 3, Supplemental Memorandum, a purported August 11, 2004 Citizen Complaint Form, qualifies as proper § 12-309 notice. For the reasons that follow, defendants submit that it cannot.

First, plaintiff admits in his Opposition that the Office of Police Complaints cannot locate a copy of this purported report, although it was subpoenaed to produce the report and did produce plaintiff's Attachment 1, Opposition. Opposition at pp. 5-6.

Second, counsel also conducted an inquiry, and confirmed that the Office of Police Complaints never received this form and did not open an associated complaint file. *See* Exh. 1. Thus, it is undisputed that the Office of Police Complaints has no record of ever receiving a Citizen Complaint Form from the plaintiff in this case. As a result, statutory notice under § 12-

309 was never perfected by the plaintiff.

This point is further buttressed by plaintiff's actions on February 18, 2007, in sending written notice to the Mayor of his claims in this case.  That notice, however, is indisputably untimely.  Moreover, only after the government filed its proper Motion to Dismiss, did plaintiff submit his purported Citizen Complaint Report.[2]

Consequently, counts 7-11 of the complaint must be dismissed as against the District of Columbia because plaintiff has failed to file the statutory notice required by D.C. Code Section 12-309. [3]

WHEREFORE, defendants request that judgment be entered in their favor and the subject complaint be dismissed.

Date:  January 14, 2008                    Respectfully submitted,

                                           PETER J. NICKLES
                                           Interim Attorney General for the District of Columbia

                                           GEORGE C. VALENTINE
                                           Deputy Attorney General
                                           Civil Litigation Division

                                           /s/Kimberly Matthews Johnson
                                           KIMBERLY MATTHEWS JOHNSON, #435163
                                           Chief, General Litigation Sec. I

                                           /s/Michelle Davy
                                           MICHELLE DAVY, #454524

---

2 Defendants concede plaintiff's assertion in the Opposition at p. 2 that his constitutional claims at Counts 1-6 of the complaint are not governed by D.C. Code § 12-309, although the District contends, as set forth above, that those claims are barred as to the District for failure to state a claim.  The common law claims that plaintiff sets forth at Counts 7-11 of the complaint do, however, fall under the mandatory notice requirements of § 12-309.  As to those courts, plaintiff has failed to timely comply.

3 In this connection, it is noted that plaintiff's requests regarding amendment of the complaint and relation back appear inappropriate, and a separate motion regarding those requests is required.  The Court's docket indicates that plaintiff has already amended his complaint, pre-Answer, once as a matter of course.  Docket Entry No. 8, Fed. R. Civ. P. 15 (a)(1).  Plaintiff must now move for leave to amend his complaint (R. 15 (a)(2)), and his Opposition to the Motion to Dismiss herein is not the proper vehicle by which to do so.  Plaintiff's request in this regard, thus, appears premature and incapable of current action.

                                                   Assistant Attorney General
                                                   Sixth Floor South
                                                   441 4th Street, N.W.
                                                   Washington, D.C. 20001
                                                   (202) 724-6608; (202) 727-3625 (fax)
                                                   E-Mail: michelle.davy@dc.gov

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY this 14th day of January, 2008, that a copy of the foregoing Reply to Opposition to Motion to Dismiss, or in the Alternative, for Summary Judgment, was served by ECF or first class postage prepaid U.S. mail, on:

Paul D. Hunt
4614 Wissahican Avenue
Rockville, MD  20853

                                               /s/Michelle Davy_____
                                               Michelle Davy
                                               Assistant Attorney General

**From:** Sharp, Thomas (DCPC)
**Sent:** Friday, January 11, 2008 11:05 AM
**To:** Davy, Michelle (OAG)
**Cc:** Paris, Peter (DCPC); Brunza, John (DCPC)
**Subject:** John Barnhardt.

**Attachments:** Barnhardt materials.pdf
Ms. Davy,

As a follow-up to our telephone conversation, attached are the materials you requested. They are:

1. The handwritten contact sheet relating to Mr. Barnhardt's contact with our office on or about 8-23-04.
2. The database printout that corresponds with #1.
3. The database printout of the contract sheet relating to Mr. Barnhardt's contact with our office on or about 9-19-07.

The only contacts we are aware of having with Mr. Barnhardt are the ones documented in the materials I am sending you, and these are also the only documents/records we could find relating to Mr. Barnhardt. We have searched through all of our records and do not believe that we ever received a completed, signed complaint form from Mr. Barnhardt. Such a form is required by law (*see* D.C. Official Code § 5-1107 (e) & (f); 6A DCMR § 2106.1), and we do not consider a complaint received, nor would we open an investigation, until we received the form.

For your information, in August 2004, we assigned "contact numbers" (in the form of "04CON-xxxx") to contacts with our office that had not yet resulted in the filing of a completed, signed complaint form. If a form was subsequently received, and we opened an investigation, the matter would be assigned a new "complaint number" (in the form of "04-xxxx") that is different from the contact number.

Also, Mr. Barnhardt may have learned the 2004 contact number when he contacted OPC in August 2004, but he may also have learned it during his visit to our office in September 2007 when he met with one of our investigators. The contact number is for internal tracking purposes only and is not something we would typically give out, and may not even be officially assigned to a matter until after the contact is completed and the information is entered in our database.

If you have any additional questions, please let me know.

Thanks.

Tom Sharp

---

**Thomas E. Sharp**
**Deputy Director**
**Government of the District of Columbia**
**Office of Police Complaints**
**1400 I Street, NW, Suite 700**
**Washington, DC  20005**
**Phone:  202/727-3838**
**Fax:  202/727-7638**
**E-mail:  Thomas.Sharp@dc.gov**
**Website:  www.policecomplaints.dc.gov**

04 CON-0234

CONTACT
8/23/04
ADP
* Encarcerated

OCCR Case Tracking/Management Program

Complainant information:

| Last Name: John | First Name: Barnheard | Middle Name: |
|---|---|---|
| DOB: 12/11/66 | Age: 37 | Sex: M. |
| National Origin/Race: | | |
| Home Address: | | |
| Street: | City: | State: |
| Zip: | Home Phone: | |
| Alternate Phone: | | |
| Work Address: | | |
| Company Name: | | |
| Street: | City: | State: |
| Zip: | Phone Number: | |
| Drivers License Number: | | State: |

Officer Information (subject and witness)

| Last Name: Allen Randam | First Name: Sgt. Soloan |
|---|---|
| Rank: | Badge Number: |
| DOB: | Age: |
| Sex: | Race: |
| SSN: | |
| District: | PSA: |
| Hire Date: | Phone No: |

Incident Information:

| Date of Incident: 2/2004 | Time of Incident: ? |
|---|---|
| Location of Incident (address): | |
| Ward: | |
| Complainant arrested: (Y) N | Charge(s): |
| Report Number: | |
| Witnesses (name, phone no., address): | |

202 583-2288
→ M$o Barnheardt.

*. Currently in Jail.

Summary of complaint:

Mr. Barnheard told Del Pinal that his wife would call to make the complaint.

Mr. Barnheard did not explain the nature of his complaint because he was calling from Jail.

- His wife did not call.

— Incident occured 2/2004

04CON-0234    Page: 1

**Citizen Contact**    IA number: 04CON-0234    Received: Aug 23, 2004

Case number:

**Involved citizen:**

John Barnheard

**Summary:**

Complainants wife will call with the complaint. Complainant is in jail.
Incident occurec in 2/2002

**When/where:**

Date/time occurred:

**Status/assignment information:**

Status: Completed  Priority: Normal

Opened:  Assigned:   Due:    Completed: 08/23/2004

Disposition: Contact

Unit assigned: OCCR
Handled at field/unit level: No
Investigator assign: Investigator Andrea Del Pinal
Supervisor assign: Chief Invest Clifford Stoddard
Source of information: Telephone

**Organizational component(s):**

Entered by: Invest Clerk Sherry Meshesha on Sep 12, 2004 at 15:08

07CON-0347     Page: 1

**Citizen Contact**     IA number: 07CON-0347     Received: Sep 19, 2007

Case number:

**Involved citizen:**

John Barnheard

**Summary:**

The complainant came into OPC to get a status on his complaint. The complainant alleged that in 2004 he contacted OPC to file a complaint. At the time the complainant contacted OPC the complainant was in jail. The complainant said that he spoke to Investigator Del Pinal and provided her with the details about his complaint. The complainant told Investigator Bryan that, at the time, Investigator Del Pinal informed him that he would need to complete a complaint form. The complainant alleged that a private investigator (later determined to be a PDS investigator) brought him a complaint form, which he completed, and told the complainant that he was going to file the complaint at 730 11th Street NW, OPC's old office. Investigator Bryan looked up the complainant's name in IApro, but the data base did not indicate that OPC received a complaint form. Instead, there is a contact (OPC Contact No. 04CON-0234) in which Investigator Del Pinal notes that the complainant's wife was going to file the complaint on the complainant's behalf. The complainant said that the information captured by Investigator Del Pinal was inaccurate. However, Investigator Bryan explained that despite the inaccuracy OPC never received the complaint form that was needed in order to initiate an investigation. Investigator Bryan showed the complainant a PD99 form and the complainant relayed that he may have completed that form instead of an OPC form. Investigator Bryan explained OPC's statutory limitation and advised the complainant to check with MPD to see if his complaint was filed there. Investigator Bryan advised the complainant that MPD did not have a statutory limitation.

**When/where:**

Date/time occurred:

**Status/assignment information:**

Status: Completed   Priority: Normal

Opened:   Assigned:     Due:     Completed: 09/20/2007

Disposition: Contact

Unit assigned: Red Team
Handled at field/unit level: No
Investigator assign: Sr. Invest Natasha Bryan
Supervisor assign: Chief Investigator Kesha Taylor
Source of information: Walk-in

**Organizational component(s):**

Entered by: Sr. Invest Natasha Bryan on Sep 19, 2007 at 16:39