UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

JOHN BARNHARDT,

    **Plaintiff,**

    v.

DISTRICT OF COLUMBIA, *et al.*,

    **Defendants.**

Civil Action No. 07-0624 (JDB)

---

## MEMORANDUM OPINION

This matter is before the Court on defendants' motion to dismiss the amended complaint or for summary judgment. For the reasons stated below, the motion will be granted in part and denied in part.

I.  BACKGROUND

According to plaintiff, on February 13, 2004, Metropolitan Police Department ("MPD") officers Curt Sloan ("Sgt. Sloan"), Allee Ramadhan ("Det. Ramadhan"), and "John Doe" visited his home "for the alleged purpose of serving Plaintiff with [a] Grand Jury subpoena."[1] Amended

---

[1] Allegedly the events of February 13, 2004 were related to an incident on December 15, 2003. According to plaintiff, Sgt. Sloan and two unidentified officers visited his home on December 15, 2003 for the purpose of serving him a grand jury subpoena. Amd. Compl. ¶ 14. Plaintiff did not know that Sgt. Sloan was a police officer because he wore plain clothes. *Id.* Because he was alarmed by the manner of the officers' approach to the vehicle in which plaintiff was sitting at the time, plaintiff "attempt[ed] to drive away from the scene." *Id.* "As Plaintiff drove away, [Sgt. Sloan] jumped onto Plaintiff's car and fell off the vehicle as Plaintiff ultimately left the scene." *Id.* Plaintiff attributed defendants' actions on February 13, 2004 to "retaliation for the earlier incident in which Plaintiff drove away from his home, causing

(continued...)

Complaint ("Amd. Compl.") ¶ 15.  Plaintiff was outside of the house when the officers arrived.  *Id.*  He described the events as follows:

> The Defendants approached Plaintiff and confronted him regarding his (Plaintiff's) identity.  At some point during this encounter, Plaintiff observed defendant Ramadhan throw a dark or black object onto the bed of a pick-up truck, which was parked in the driveway of Plaintiff's home.  This object later turned out to be a black bag.
>
> Shortly after observing Defendant Ramadhan's act, Plaintiff was attacked by Defendants Sloan and Ramadhan, and thrown onto the black bag which had just been thrown onto the pick-up truck by Defendant Ramadhan.  During the struggle, Defendants Sloan and Ramadhan forced Plaintiff's hand onto the surface of the black bag.  Before the date of this incident, Plaintiff had no ownership of, or connection to, the bag.

*Id.* ¶¶ 15-16.  The black bag apparently contained drugs.  Plaintiff was arrested and was charged in this federal district court "with serious drug offenses[] carrying a potential life sentence."  *Id.* ¶ 18.  His arrest and the subsequent searches of his "vehicle, as well as a vehicle owned by Plaintiff's sister [], dr[ew] the attention of Plaintiff's neighbors and passersby."  *Id.* ¶ 17.  The officers allegedly subjected plaintiff to a "partial [strip] search outside his home at the time of his arrest" and to a second "more thorough search at narcotics Headquarters downtown."  *Id.* ¶ 37.  Plaintiff was held without bond from February 13, 2004 through September 2, 2004, at which time the criminal charges against him were dropped on the government's motion.  *Id.* ¶¶ 19, 24; *see United States v. Barnhardt*, No. 04cr132 (PLF) (D.D.C. Sept. 2, 2004) (order dismissing indictment).

      Plaintiff brings this civil action under 42 U.S.C. §§ 1981, 1983, 1985, 1986, and 1988

---

[1](...continued)
Defendant Sloan to fall off of Plaintiff's vehicle."  *Id.* ¶ 21 (emphasis in original).

against the District of Columbia, its Mayor and Chief of Police, as well as the three MPD officers who effected the arrest. *See* Amd. Compl. ¶¶ 4-10, 20-39 (Counts 1-6). He also brings common law claims of false arrest, false imprisonment, assault, intentional infliction of emotional distress, malicious prosecution, abuse of process and "unlawful entry/trespassing". *See id*. ¶¶ 41-51 (Counts 7-11). He demands compensatory and punitive damages plus costs and attorney's fees.

## II.  DISCUSSION

### A.  *The District of Columbia's Liability Under 42 U.S.C. § 1983*

Plaintiff brings constitutional claims against the District of Columbia under 42 U.S.C. § 1983 ("Section 1983") which in relevant part provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

*Id.*  To state a claim under Section 1983, a complaint must allege facts sufficient to show that the conduct of which plaintiff complains (1) was committed by a person acting under color of state law, and (2) deprived plaintiff of a constitutionally-protected right. *See, e.g., West v. Atkins*, 487 U.S. 42, 48 (1988). The District of Columbia is a municipality and is considered a "person" for purposes of Section 1983. *See, e.g., Best v. District of Columbia*, 743 F. Supp. 44, 46 (D.D.C. 1990). "[A] municipality can be found liable under [Section] 1983 only where the municipality *itself* causes the constitutional violation at issue." *City of Canton, Ohio v. Harris*, 489 U.S. 378,

385 (1989) (citing *Monell v. Dep't of Soc. Serv. of the City of New York*, 436 U.S. 658, 694 (1978) (emphasis in original)). "*Respondeat superior* or vicarious liability will not attach under [Section] 1983." *Id.* The District of Columbia, then, is subject to liability under Section 1983 only "when an official policy or custom causes the complainant to suffer a deprivation of a constitutional right." *Carter v. District of Columbia*, 795 F.2d 116, 122 (D.C. Cir. 1986). The policy or custom itself must be the moving force behind the constitutional violation. *Id.* (citing *Monell*, 436 U.S. at 694); *Oklahoma City v. Tuttle*, 471 U.S. 808, 817 (1985) (requiring plaintiff to show a course deliberately pursued by city establishing affirmative link between city's policy and alleged constitutional violation).

Defendants argue that plaintiff has failed to state a claim of municipal liability against the District of Columbia under Section 1983. *See* Memorandum of Points and Authorities in Support of Defendants['] Motion to Dismiss, or in the Alternative, for Summary Judgment ("Defs.' Mot.") at 5-6. Out of five counts alleging constitutional violations, defendants focus only on one paragraph of Count VI of the Amended Complaint, *see id.* at 5, which states:

> Acting under color of law, and pursuant to official policy and customs, Defendants Ramsey and the District of Columbia knowingly, or negligently failed to instruct, supervise, control, and discipline the Defendant police officers in the performance of their duties. This lack of oversight led to the environment in which the Defendants were permitted to conspire to falsely arrest Plaintiff for their personal motives.

Amd. Compl. ¶ 34. Defendants argue that plaintiff's allegations as to a District of Columbia policy "of failing 'to instruct, supervise, control and discipline' its officers 'in the performance of their duties,'" "are evidently vague and unsupported." Defs.' Mot. at 6. Although the MPD "has comprehensive and detailed policies and procedures to instruct, supervise, control and discipline

its officers in the performance of their duties," *id.*, defendants assert that "[p]laintiff fails to provide any factual support for this proposition." *Id.*

Plaintiff correctly notes that his Amended Complaint includes detailed factual allegations regarding the conduct of Sgt. Sloane and Det. Ramadhan. *See* Memorandum of Points and Authorities in Opposition to Defendant's [sic] Motion to Dismiss, or in the Alternative, for Summary Judgment ("Pl.'s Opp'n") at 2.  Count IV cannot be read in isolation.  Review of the Amended Complaint makes clear that the conduct about which plaintiff complains allegedly was committed by persons acting under color of District of Columbia law.  Sgt. Sloan and Det. Ramadhan are alleged to be sworn MPD officers, *see* Amd. Compl. ¶¶ 5-6, who acted "toward Plaintiff under the color of the statutes, ordinances, customs, and usage of the District of Columbia and the Metropolitan Police Department." *Id.* ¶ 12.  It also is clear from the Amended Complaint that plaintiff alleges violations by defendants of rights protected by the Fourth and Fifth Amendments to the United States Constitution. *See id.* ¶¶ 22, 24, 31, 34, 37.  Lastly, plaintiff alleges the District of Columbia's liability insofar as he attributes the unlawful actions of Sgt. Sloan and Det. Ramadhan "to official policy and custom" of the District. *See id.* ¶ 34.

"[T]he inadequacy of police training may serve as the basis for [Section] 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." *Harris*, 489 U.S. at 388; *see Carter*, 795 F.2d at 122; *Daskalea v. District of Columbia*, 227 F.3d 433, 441 (D.C. Cir. 2000).  Plaintiff's allegation that the District of Columbia "knowingly or negligently failed to instruct, supervise, control and discipline [Sgt. Sloan and Det. Ramadhan] in the performance of their duties," creating an "environment in which [the officers] were permitted to conspire and falsely arrest Plaintiff for

their personal motives," is adequate to survive defendants' motion to dismiss at this stage of the proceedings, prior to discovery.

### B. Statute of Limitations

Plaintiff brings claims of false arrest, false imprisonment, assault, intentional infliction of emotional distress, malicious prosecution, abuse of process, and unlawful entry or trespassing. *See* Amd. Compl. Cts. 7-11. Defendants move to dismiss these counts on the ground that plaintiff failed to bring these claims within the one-year statute of limitations. Defs.' Mot. at 9-10. Under District of Columbia law, an action "for libel, slander, assault, battery, mayhem, wounding, malicious prosecution, false arrest or false imprisonment" may not be brought after the expiration of the one-year period "from the time the right to maintain the action accrues." D.C. Code § 12-301(4). Plaintiff concedes that "causes of action were brought after the running of the statute of limitations for state law, intentional torts in this case identified in D.C. Code Section 12-301." Pl.'s Opp'n at 6. Although D.C. Code § 12-301 does not mention specifically a time limit for bringing causes of action for intentional infliction of emotional distress and "unlawful entry/trespassing," plaintiff fails to set forth any argument opposing defendants' motion to dismiss based on the statute of limitations. Where, as here, "a plaintiff files an opposition to a dispositive motion and addresses only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded." *Buggs v. Powell*, 293 F. Supp. 2d 135, 141 (D.D.C. 2003) (citing *FDIC v. Bender*, 127 F.3d 58, 67-68 (D.C. Cir. 1997)). Accordingly, the Court will grant defendants' motion to dismiss plaintiff's common law claims as conceded, and Counts 7-11 of the Amended Complaint will be dismissed

with prejudice as untimely.[2]

### C. Claims against Mayor Williams and Chief Ramsey

Plaintiff brings this action against Anthony Williams, the former Mayor of the District of Columbia, and against Charles Ramsey, the former Chief of the Metropolitan Police Department, in both their official and individual capacities. *See* Amd. Compl. ¶¶ 4, 7, 11. "A section 1983 suit for damages against municipal officials in their official capacities is [] equivalent to a suit against the municipality itself." *Atchinson v. District of Columbia*, 73 F.3d 418, 424 (D.C. Cir. 1996) (citing *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). For this reason, defendants move to dismiss these defendants in their official capacities. *See* Defs.' Mot. at 10. In addition, because these defendants are not alleged to have been involved personally in any act or omission giving rise to plaintiff's constitutional claims, defendants argue that they cannot be held vicariously liable and therefore should be dismissed in their individual capacities. *See id.* at 11-12.

Plaintiff "agrees to dismiss [his claims] against the mayor and police chief past and present in all capacities." Pl.'s Opp'n at 6. Accordingly, the Court will grant defendants' motion as conceded and will dismiss defendants Williams and Ramsey as party defendants and all claims against them in both their official and individual capacities.

### D. Personal Service of Process on Defendants Sloan and Ramadhan

Defendants argue that Sgt. Sloan was not served properly in his individual capacity. *See*

---

[2] Because plaintiff's common law claims are dismissed as untimely, the Court need not determine whether plaintiff complied with the mandatory notice requirements of D.C. Code § 12-309. Plaintiff's compliance or lack thereof has no impact on his constitutional claims. *Brown v. United States*, 742 F.2d 1498, 1510 (D.C. Cir. 1984), *cert. denied*, 471 U.S. 1073 (1985) (holding that plaintiff's noncompliance with D.C. Code § 12-309 cannot bar federal claims).

Defs.' Mot. at 11.  According to defendants, "[t]he summons for Sergeant Sloan states that service was being attempted in his individual capacity.  However, while the Return of Service was signed, it was not marked to confirm that personal service was effected."  *Id.*

Plaintiff counters that the process server at most committed a "technical oversight" because he did not check the box on the Return of Service to indicate the method of service.  Pl.'s Opp'n at 6.  The Court agrees.  On the summons itself, there is a handwritten notation, "individually," next to Sgt. Sloan's name.  *See* Summons in a Civil Case [Dkt. #5] at 7 (page numbers designated by the Court).  On the Return of Service, next to the preprinted phrase "Served personally upon the defendant.  Place where served[,]" there is a handwritten notation stating "333 Constitution Ave. N.W. Ctrm 26A, United States District Court."  *Id.* at 8.  It appears, then, that Sgt. Sloan was served personally in the Annex of this courthouse on August 9, 2007.

With respect to service of process on Det. Ramadhan, defendants focus on the handwritten notation "officially" found on the summons next to his name.  Defs.' Mot. at 11; *see* Summons in a Civil Case [Dkt. #6] at 1.  According to defendants, the notation "indicates that service was being attempted in his official capacity only.  Thus, individual service was ineffectual" with regard to Det. Ramadhan.  *Id.*  Plaintiff points out that "[t]he complaint is clear in that it names [Det.] Ramadhan in both his official and individual capacity."  Pl.'s Opp'n at 6.  On the Return of Service, the box next to the preprinted phrase "Served personally upon the defendant.  Place where served[,]" is checked.  *See* Return of Service [Dkt. #5] at 2.  The Court is satisfied that Det. Ramadhan was served personally on August 13, 2007 at the Superior Court of the District of Columbia, 500 Indiana Avenue N.W., as indicated on the Return of Service.  *See*

*id.*

The Court will therefore deny defendants' motion to dismiss for failure to effect proper service on Sgt. Sloan and Det. Ramadhan.

### III.  CONCLUSION

The Court concludes that plaintiff adequately states a claim against the District of Columbia under Section 1983.  In this respect, defendants' motion to dismiss is denied.  Plaintiff concedes that the common law claims are barred by the statute of limitations, and therefore the common law claims are dismissed with prejudice.  Plaintiff also concedes that his claims against the Mayor and the Chief of Police must be dismissed, and therefore defendants' motion to dismiss on this ground is granted.  Because Sgt. Sloan and Det. Ramadhan have been served properly, the Court denies defendants' motion to dismiss as to them.  An Order consistent with this Memorandum Opinion will be issued separately.

                                                                                    /s/
                                    JOHN D. BATES
                                    United States District Judge

DATE:  June 9, 2008