UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN BARNHARDT, ) | |
| ) | |
|       Plaintiff, ) | |
| ) | |
|       v. ) | Civil Action No: 07-0624 (JDB) |
| ) | |
| DISTRICT OF COLUMBIA, et al. ) | |
| ) | |
|       Defendants. ) | |
| _____ ) | |

### DEFENDANTS' ANSWER TO AMENDED COMPLAINT

Defendants District of Columbia, Sergeant Curt Sloan and Detective Allee Ramadhan ("the Defendants"), by and through undersigned counsel, hereby answer the Amended Complaint in the above-captioned matter. The Defendants assert that anything not specifically admitted herein is denied, and answer the Amended Complaint as follows:

### First Defense

The Amended Complaint fails to state a claim upon which relief may be granted.

### Second Defense

The Defendants state the following in response to the individually numbered paragraphs in the Amended Complaint:

#### Jurisdiction

1. The allegations asserted in paragraph 1 of the Amended Complaint are legal conclusions to which no response is required. Defendants acknowledge the statute cited in paragraph 1, but deny that it necessarily confers jurisdiction over Defendants.

2. Defendants acknowledge the authority cited in paragraph 2, but deny that it necessarily

confers jurisdiction over Defendants. Further, the Plaintiff's pendant jurisdiction claims have been dismissed.

### Parties

3. The Defendants are without sufficient information to admit or deny the factual allegations contained in paragraph 3 of the Amended Complaint.

4. The Defendants admit that Anthony Williams is a natural person who was the duly elected Mayor of the District of Columbia at all times relevant to this Amended Complaint. All claims against Anthony Williams, in both his official and individual capacities, have been dismissed.

5. The Defendants admit that Curt Sloan is a natural person who was a duly appointed police officer with the Metropolitan Police Department, Washington, D.C., at all times relevant to this Amended Complaint.

6. The Defendants admit that Allee Ramadhan is a natural person who was a duly appointed police officer with the Metropolitan Police Department, Washington, D.C., at all times relevant to this Amended Complaint.

7. The Defendants admit that Charles Ramsey is a natural person who was the duly appointed Chief of the Metropolitan Police Department at all times relevant to this Amended Complaint. The Defendants admit that Charles Ramsey was responsible for the promulgation and implementation of police procedures and practices in the District of Columbia. All claims against Charles Ramsey, in both his official and individual capacities, have been dismissed.

8. The Defendants are without sufficient information to admit or deny the factual allegations contained in paragraph 8 of the Amended Complaint.

9. The Defendants admit the allegations contained in paragraph 9.

10. The Defendants admit that Charles Ramsey was the Chief of Police. All claims against Charles Ramsey, in both his official and individual capacities, have been dismissed.

11. The allegations asserted in paragraph 11 of the Amended Complaint are legal conclusions to which no response is required. To the extent that paragraph 11 makes factual allegations, the Defendants deny all factual allegations and demand strict proof at trial.

12. The allegations asserted in paragraph 12 of the Amended Complaint are legal conclusions to which no response is required. To the extent that paragraph 12 makes factual allegations, the Defendants deny all factual allegations and demand strict proof at trial.

Facts

13. The Defendants admit that the incident which forms the basis of the Amended Complaint occurred on February 13, 2004. The Defendants are without sufficient information to admit or deny the remaining factual allegations contained in paragraph 13 of the Amended Complaint.

14. The Defendants are without sufficient information to admit or deny the factual allegations contained in paragraph 14 of the Amended Complaint.

15. The Defendants admit that Sergeant Curt Sloan and Detective Allee Ramadhan came to the Plaintiff's home at 4709 Bass Place, S.E., Washington, D.C., to serve a subpoena for Plaintiff to appear before a federal grand jury. The Defendants admit that Sergeant Curt Sloan and Detective Allee Ramadhan made contact with the Plaintiff and asked him

questions regarding his identity. The Defendants deny the remaining factual allegations in paragraph 15 and demand strict proof thereof at trial.

16. The Defendants deny all factual allegations in paragraph 16 and demand strict proof thereof at trial.

17. The Defendants are without sufficient information to admit or deny the factual allegations contained in paragraph 17 of the Amended Complaint.

18. The Defendants admit that the Plaintiff was charged with drug offenses in the U.S. District Court for the District of Columbia in Case No. 04-132 (PLF).

19. The Defendants are without sufficient information to admit or deny the factual allegations contained in paragraph 19 of the Amended Complaint.

Count 1: Violations of 42 U.S.C. 1983: Arrest

20. In response to paragraph 20, the Defendants incorporate their answers to paragraphs 1 through 20 as stated above.

21. The allegations asserted in paragraph 21 of the Amended Complaint are legal conclusions to which no response is required. To the extent that paragraph 21 contains factual allegations, the Defendants deny all factual allegations and demand strict proof thereof at trial.

22. The allegations asserted in paragraph 22 of the Amended Complaint are legal conclusions to which no response is required. To the extent that paragraph 22 contains factual allegations, the Defendants deny all factual allegations and demand strict proof thereof at trial.

Count 2:  Violations of 42 U.S.C. 1983: Detention and Confinement

23. In response to paragraph 23, the Defendants incorporate their answers to paragraphs 1 through 23 as stated above.

24. The allegations asserted in paragraph 24 of the Amended Complaint are legal conclusions to which no response is required.  To the extent that paragraph 24 contains factual allegations, the Defendants are without sufficient information to admit or deny the factual allegations contained in paragraph 24 of the Amended Complaint.

Count 3:  Violations of 42 U.S.C. 1983: Conspiracy

25. In response to paragraph 25, the Defendants incorporate their answers to paragraphs 1 through 25 as stated above.

26. The allegations asserted in paragraph 26 of the Amended Complaint are legal conclusions to which no response is required.  To the extent that paragraph 26 contains factual allegations, the Defendants deny all factual allegations and demand strict proof thereof at trial.

27. The allegations asserted in paragraph 27 of the Amended Complaint are legal conclusions to which no response is required.  To the extent that paragraph 27 contains factual allegations, the Defendants deny all factual allegations and demand strict proof thereof at trial.

28. The allegations asserted in paragraph 28 of the Amended Complaint are legal conclusions to which no response is required.  To the extent that paragraph 28 contains factual allegations, the Defendants deny all factual allegations and demand strict proof thereof at trial.

29. The Defendants are without sufficient information to admit or deny the factual allegations contained in paragraph 29 of the Amended Complaint.

30. The allegations asserted in paragraph 30 of the Amended Complaint are legal conclusions to which no response is required. To the extent that paragraph 30 contains factual allegations, the Defendants are without sufficient information to admit or deny the factual allegations contained in paragraph 30 of the Amended Complaint.

31. The allegations asserted in paragraph 31 of the Amended Complaint are legal conclusions to which no response is required. To the extent that paragraph 31 contains factual allegations, the Defendants deny all factual allegations and demand strict proof thereof at trial.

Count 4:  Violation of 42 U.S.C. 1983:  Refusing or Neglecting to Prevent

32. In response to paragraph 32, the Defendants incorporate their answers to paragraphs 1 through 32 as stated above.

33. The allegations asserted in paragraph 33 of the Amended Complaint are legal conclusions to which no response is required. To the extent that paragraph 33 contains factual allegations, the Defendants deny all factual allegations and demand strict proof thereof at trial.

34. The allegations asserted in paragraph 34 of the Amended Complaint are legal conclusions to which no response is required. To the extent that paragraph 34 contains factual allegations, the Defendants deny all factual allegations and demand strict proof thereof at trial.

35. The allegations asserted in paragraph 35 of the Amended Complaint are legal conclusions to which no response is required. To the extent that paragraph 35 contains factual allegations, the Defendants deny all factual allegations and demand strict proof thereof at trial.

### Count 5:  Violation of 42 U.S.C. 1983: Strip Search

36. In response to paragraph 36, the Defendants incorporate their answers to paragraphs 1 through 36 as stated above.

37. The allegations asserted in paragraph 37 of the Amended Complaint are legal conclusions to which no response is required. To the extent that paragraph 37 contains factual allegations, the Defendants are without sufficient information to admit or deny the factual allegations contained in paragraph 37 of the Amended Complaint.

### Count 6:  Violation of 42 U.S.C. 1981: Racial Discrimination

38. In response to paragraph 38, the Defendants incorporate their answers to paragraphs 1 through 38 as stated above.

39. The allegations asserted in paragraph 39 of the Amended Complaint are legal conclusions to which no response is required. To the extent that paragraph 39 contains factual allegations, the Defendants deny all factual allegations and demand strict proof thereof at trial.

### Count 7: False Arrest and Imprisonment

40. The Court has dismissed these claims. Therefore, paragraphs 40-41 require no response.

### Count 8:  Assault

42. The Court has dismissed these claims. Therefore, paragraphs 42-43 require no response.

### Count 9:  Intentional Infliction of Emotional Distress

44. The Court has dismissed these claims.  Therefore, paragraphs 44-46 require no response.

### Count 10:  Malicious Prosecution and Abuse of Process

47. The Court has dismissed these claims.  Therefore, paragraphs 47-48 require no response.

### Count 11:  Unlawful Entry/Trespassing

49. The Court has dismissed these claims.  Therefore, paragraphs 49-51 require no response.

### Plaintiff's Request for Relief

This paragraph consists of a prayer for relief, to which no response is required.

## Third Defense

Further answering the Amended Complaint, the Defendants deny all allegations not specifically admitted or otherwise answered, including allegations of systemic discrimination, retaliation, and hostile work environment

## Fourth Defense

Plaintiff might have failed to timely file a grievance or otherwise failed to protect himself from the alleged conduct.

## Fifth Defense

The Defendants are not liable for the unforeseeable, intervening criminal acts of third parties.

## Sixth Defense

This action may be barred by the doctrine of waiver, estoppel, laches and/or unclean hands.

## Seventh Defense

All actions taken by the Defendants relating to Plaintiff were necessary, reasonable, pursuant to lawful authority, and based on legitimate, non-retaliatory or discriminatory reasons.

### Eighth Defense

Plaintiff might have failed to mitigate any damages that he may have incurred.

### Ninth Defense

Plaintiff might have failed to comply with the mandatory notice requirements of D.C. Code § 12-309 (2001 ed.).

### Tenth Defense

Plaintiff's claim might be barred by the applicable statute of limitations.

### Eleventh Defense

If Plaintiff was injured and/or damaged as alleged in the Amended Complaint, and if said injuries and/or damages were caused by an employee of the District, the District employee's conduct was performed in self-defense or to protect the safety of others.

### Twelfth Defense

All federal claims against the individual Defendants are barred by the public duty doctrines and/or the doctrines of absolute discretionary and/or qualified immunity.

### Thirteenth Defense

If Plaintiff was injured and/or damaged as alleged in the Amended Complaint, said injuries and/or damages resulted from Plaintiff's own willful conduct.

### Fourteenth Defense

If Plaintiff was injured and/or damaged as alleged in the Amended Complaint, recovery for said injuries and/or damages is barred, because the Plaintiff assumed the risk of such injuries by Plaintiff's own willful conduct.

**Fifteenth Defense**

If Plaintiff was injured and/or damaged as alleged in the Amended Complaint, said injuries and/or damages resulted from Plaintiff's own contributory negligence.

**Sixteenth Defense**

If Plaintiff was injured and/or damaged as alleged in the Amended Complaint, said injuries and/or damages resulted from the sole or concurring intentional conduct of a person or persons other than the District, its employees, agents, or servants acting within the scope of their employment.

**Seventeenth Defense**

All actions performed by the District, its employees, servants, or agents acting within the scope of their employment, met or exceeded the applicable standard of care.

**Eighteenth Defense**

Plaintiff might have failed to exhaust his administrative remedies and failed to comply with other mandatory filing requirements.

**Nineteenth Defense**

Plaintiffs' Complaint might not have been filed in a timely fashion.

**Set-off**

The District asserts a set-off for all funds and services provided to the plaintiff through Medicare, Medicaid, public assistance or other sources.

THE DEFENDANTS reserve the right to amend their Answer.

WHEREFORE, the Defendants pray the Court dismiss the Amended Complaint and award them the expense of this litigation, costs and interest, and such other relief as the Court deems just and proper.

Dated: June 23, 2008

        Respectfully submitted,

        PETER J. NICKLES
        Interim Attorney General for the District of Columbia

        GEORGE C. VALENTINE
        Deputy Attorney General, Civil Litigation Division

        */s/ Toni Michelle Jackson*
        TONI MICHELLE JACKSON [453765]
        Interim Chief, General Litigation Section III

        */s/ Nicholas Coates*
        NICHOLAS COATES[1]
        Assistant Attorney General
        441 Fourth Street, N.W., 6th Floor
        Washington, D.C. 20001
        (202) 724- 6644 (office)
        (202) 742-0578 (fax)
        Email: Nicholas.Coates@dc.gov

## **JURY DEMAND**

Defendants hereby respectfully request a jury trial.

        /s/ Nicholas Coates
        Nicholas Coates

---

[1] Appearance entered under D.C. App. 49 (c)(4).

## CERTIFICATE OF SERVICE

I hereby certify that on June 23, 2008, I caused the foregoing DEFENDANTS' ANSWER TO AMENDED COMPLAINT to be filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to:

> Paul D. Hunt
> Counsel for Plaintiff

>> /s/ Nicholas Coates_____
>> NICHOLAS COATES
>> Assistant Attorney General