**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **JOHN BARNHARDT,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No: 07-0624 (JDB)** |
| | ) | |
| **DISTRICT OF COLUMBIA, et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

### Parties' Joint Rule 16.3 Report

Pursuant to Local Civil Rule 16.3, the Parties conferred on July 21, 2008.  This report sets out the positions of the Parties and any agreements reached.  The Parties set forth below the relevant text of each sub part of the rule (in bold) followed by the Parties joint position, if there is one, or by the Plaintiff's and the Defendant's positions where they are not in agreement.

**16.3(c)(1): Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the Court that discovery or other matters should await a decision on the motion.**

Defendants believe this case, or elements of this case, are likely to be disposed of by dispositive motion.

**16.3(c)(2): The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.**

Parties do not anticipate at this time the need to join additional parties or to amend the pleadings.  However, if either action is taken, the Parties respectfully recommend that all amendments shall occur within sixty (60) days from the date of this Order.

**16.3(c)(3): Whether the case should be assigned to a magistrate judge for all purposes, including trial.**

Plaintiff respectfully recommends that this case remain assigned to Judge Bates.

Defendants respectfully recommend assignment to a magistrate judge for settlement purposes.

**16.3(c)(4): Whether there is a realistic possibility of settling the case.**

At this point, it is too early to determine whether settlement discussions will be fruitful.

**16.3(c)(5): Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients. In assessing the above, counsel shall consider:**

**(i) the client's goals in bringing or defending the litigation; (ii) whether settlement talks have already occurred and, if so, why they did not produce an agreement; (iii) the point during the litigation when ADR would be most appropriate, with special consideration given to: (aa) whether ADR should take place after the informal exchange or production through discovery of specific items of information; and (bb) whether ADR should take place before or after the judicial resolution of key legal issues; (iv) whether the parties would benefit from a neutral evaluation of their case, which could include suggestions regarding the focus of discovery, the legal merits of the claim, an assessment of damages and/or the potential settlement value of the case; and (v) whether cost savings or any other practical advantages would flow from a stay of discovery or of other pre-trial proceedings while an ADR process is pending.**

Plaintiff believes this case may benefit from the Court's ADR procedures.

Defendants do not foresee that ADR will be beneficial, but are amendable to assignment to a magistrate judge for settlement purposes.

**16.3(c)(6): Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.**

Defendants believe this case, or elements of this case, may be resolved by motions for summary judgment after the close of discovery. The Parties respectfully recommend that any summary judgment motions be due forty-five (45) days after close of discovery; responses in opposition be due thirty (30) days thereafter; and replies be due thirty (30) days thereafter.

**16.3(c)(7): Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ.P., and if not, what if any changes should be made in the scope, form or timing of those disclosures.**

The Parties stipulate to dispense with the initial disclosures required by Rule 26(a)(1).

**16.3(c)(8): The anticipated extent to discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.**

Parties recommend 100 days for discovery. Parties recommend that the dates for discovery begin on the date the Court issues the Scheduling Order. All time limits shall be those set forth in the Federal Rules of Civil Procedure.

**16.3(c)(9): Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F.R.Civ.P., should be modified, and whether and when depositions of experts should occur.**

The Parties are not in a position at this early stage to estimate their time requirements for expert witness discovery.

**16.3(c)(10): In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.**

This case is not a class action.

**16.3(c)(11): Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.**

At this point, the Parties respectfully recommend that that neither the trial nor the

discovery should be bifurcated.

**16.3(c)(12): The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).**

The Parties respectfully recommend that the date for a pre-trial conference be left

open at this time.

**16.3(c)(13): Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.**

Should a trial be necessary in this case, the Parties propose that the date be set at

the pretrial conference.

**16.3(c)(14): Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.**

At this time, the Parties do not believe any other matters are appropriate for

inclusion in the Scheduling Order.

Dated: July 22, 2008.

RESPECTFULLY SUBMITTED,

PETER J. NICKLES
Acting Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General,
Civil Litigation Division

*/s/ Toni Michelle Jackson*
TONI MICHELLE JACKSON [453765]
Chief, General Litigation Section III

*/s/ Nicholas Coates*
NICHOLAS COATES[1]
Assistant Attorney General
441 Fourth Street, N.W., 6th Floor
Washington, D.C. 20001
(202) 724- 6644 (office)
(202) 742-0578 (fax)
Email: Nicholas.Coates@dc.gov
**Attorney for Defendants**

*/s/ Paul D. Hunt*
PAUL D. HUNT [447182]
4614 Wissahican Avenue
Rockville, MD 20853
(202) 563-1965
**Attorney for Plaintiff**

---

1 Appearance entered under D.C. App. 49 (c)(4).

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **JOHN BARNHARDT,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No: 07-0624 (JDB)** |
| | ) | |
| **DISTRICT OF COLUMBIA, et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

**<u>Proposed Scheduling Order</u>**

Upon consideration of the Parties' Joint Rule 16.3 Report, it is hereby

**ORDERED** as follows:

1.    All amendments shall occur within sixty (60) day from the date of this

Scheduling Order [_____, 200__].

2.    Discovery shall close on the 100th day following the date of this

Scheduling Order [_____, 200__].  All time limits shall be those set forth

in the Federal Rules of Civil Procedure.

3.    Summary judgment motions shall be due forty-five (45) days after close of

discovery [_____, 200__]; responses in opposition shall be due thirty (30)

days thereafter [_____, 200__]; and replies shall be due thirty (30) days

thereafter [_____, 200__].

4.    The Parties stipulate to dispense with the initial disclosures required by

Rule 26(a)(1).

5.    The date for a pre-trial conference shall be left open, pending later

agreement by the Parties.

6.    The trial date shall be set at the pretrial conference.

**It is so ORDERED.**

Dated this _____ day of _____, 2008.

_____
Judge John D. Bates
United States District Court